■ In the Matter of JODI A. ROBINSON, Appellant, v ERIC A. DAVIS, Respondent. [872 NYS2d 587]—

Rose, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 6, 2008, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

After the married parties separated in 2001, their two sons, born in 1995 and 1999, resided with respondent (hereinafter the father). When he joined the military in 2002, he was required to have joint custody of his children with another person. To comply, he applied to Family Court for an order granting him joint custody with his girlfriend. He gave notice to petitioner (hereinafter the mother), but she did not appear. Family Court then granted the requested order while preserving the mother's right to re-petition for custody. Thereafter, the children resided outside New York with the father or, when his military assignments took him outside the country, with the

girlfriend. In 2004, the father obtained an out-of-state judgment of divorce against the mother. In August 2007, the mother commenced this modification proceeding to obtain custody of the children. Following evidentiary and *Lincoln* hearings, Family Court granted the parties joint legal custody of the children with the older child residing with the mother and the younger child residing with the father. The mother appeals, and we affirm.

The overriding concern in a custody determination is the children's best interests (*see Matter of Dickinson v Woodley*, 44 AD3d 1165, 1166 [2007]; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]). Here, after noting the changes in the parties' circumstances, Family Court considered the appropriate factors in making its custody determination (*see Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007]; *Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). After finding that both parties are loving and able to provide for the children's needs, the court noted that the father has separated from the girlfriend with whom he had shared custody of the children and that the mother has established a close relationship with the older child, but not with the younger child. Family Court also found the mother's accusations challenging the father's fitness to be untrue and observed that his military career no longer required his service outside the United States. Deferring to Family Court's assessment of the parties' credibility (*see Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]), we find no reason to disturb the court's efforts to fashion a workable custody arrangement given the children's preferences and their respective bonds with the parents. Accordingly, and despite the general preference to keep siblings together (*see Matter of Delafrange v Delafrange*, 24 AD3d 1044, 1046 [2005], *lv denied* 8 NY3d 809 [2007]; *Matter of Esterle v Dellay*, 281 AD2d 722, 727 [2001]), we conclude that there is a sound and substantial basis in the record for Family Court's decision to grant joint custody with one child residing primarily with each parent.

Peters, J.P., Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.