■ In the Matter of KATHARINE J. SMITH, Respondent, v MICHAEL S. SMITH, Appellant. CHRISTOPHER A. POGSON, as Law Guardian, Appellant. [878 NYS2d 814]—

Stein, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered February 13, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1989 and are the parents of a daughter and a son (born in 1992 and 1996, respectively). In July 2004, the mother left the marital residence and moved in

with her paramour. The parties created an informal custody arrangement, whereby the children remained in the former marital residence with the father and the mother enjoyed liberal visitation with them. The mother had unfettered access to the marital residence and visited the children there on an almost daily basis. However, the father refused to allow the children to go to the mother's home, which she shared with her paramour, or to vacation with the mother.

After what she perceived to be an ongoing deterioration of her relationship with the daughter—due in part to the father's alleged alienation of the daughter from the mother—and the son's desire to spend more time with her, the mother commenced this proceeding seeking the establishment of an appropriate custody arrangement providing for "reasonable, uninterrupted time" with each parent. Family Court granted the petition and, among other things, awarded the mother sole custody and established a visitation schedule for the father. The father and the daughter's Law Guardian appeal.[1]

We affirm. Preliminarily, we note that this proceeding involves an initial custody determination, as the parties' prior arrangement was an informal one. Thus, "Family Court was required to consider the best interests of the child[ren] by reviewing such factors as 'maintaining stability for the child[ren], the child[ren]'s wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child[ren]'s overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004] [citation omitted], quoting *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]). Although the parties' informal arrangement is a factor to be considered, petitioner is not required to prove a substantial change in circumstances in order to warrant a modification thereof (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]).

Here, Family Court made extensive and detailed findings and there is ample support in the record for the court's determination that the mother had "satisfactorily demonstrated . . . that she is stable, fit, and a good parent, genuinely concerned about the best interests of her children." For example, the mother resides in a comfortable home within five miles of the father's residence and in the same school district. She maintains gainful

---

1. The son's Law Guardian has submitted a brief arguing that Family Court's determination should be affirmed, at least insofar as it relates to the son.

employment and has demonstrated her financial responsibility by continuing to provide support for the children and the father despite the parents' physical separation. The mother's paramour is also employed and involved in the community and there is no evidence that the mother's relationship with him is detrimental to the children's welfare. The record is replete with examples of the mother's devotion to and concern for both children and also demonstrates that she is cognizant of the strained relationship that she has with her daughter and that she has articulated a realistic plan to rehabilitate that relationship.

To the contrary, the father remains unemployed even though he holds a Master's degree in education and could secure his teaching certification upon payment of a $50 fee.[2] The father has also failed to address certain behavior on the part of the son, despite acknowledging that it is inappropriate, and sees no need to enroll the daughter in counseling to address undisputed self-destructive and risky conduct on her part. Significantly, the evidence demonstrates that the father continues to harbor anger and resentment towards the mother, to which he exposes the children. Despite his protestation regarding the mother's adulterous relationship with another man, he has steadfastly resisted attempts to resolve issues surrounding a dissolution of the marriage, including custody of the children. In addition, he has done nothing to address the daughter's animosity towards her mother and, indeed, appears to condone it. For example, he allowed the daughter to make complicated arrangements for the opening of Christmas gifts so that she could avoid any contact with the mother. We perceive no basis to disagree with Family Court's finding that the father is unwilling to encourage and foster a healthy relationship between the children and their mother. We also find that Family Court appropriately considered these factors in determining which custodial arrangement would be in the best interests of the children (see Labanowski v Labanowski, 4 AD3d 690, 695 [2004]; Matter of Taber v Taylor, 238 AD2d 696, 697-698 [1997]). To the extent that the father disputes specific findings made by Family Court after evaluating conflicting testimony, those are credibility determinations to which we accord great deference (see Matter of Abare v St. Louis, 51 AD3d 1069, 1070-1071 [2008]).

Upon our review of the entire record, including the transcript of the Lincoln hearing, we find no evidence that Family Court disregarded the wishes of either child (see Eschbach v Eschbach, 56 NY2d at 172). As the children's wishes are but one factor to

---

2. Like Family Court, we do not find the father's asserted inability to pay this fee to be plausible based on the record before us.

be considered (*see id.* at 173), the court was not required to abide by them. Overall, we conclude that Family Court properly weighed the applicable factors in ascertaining the best interests of the children, and its findings have a sound and substantial basis in the record. Therefore, we decline to disturb its determination (*see Matter of Anson v Anson*, 20 AD3d at 604).

We have reviewed the additional claims of the father and daughter and find them to be unpersuasive.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.