■ In the Matter of JAMES W. RUNDALL, Appellant, v AMY E. RUNDALL, Respondent. (And Another Related Proceeding.) [927 NYS2d 414]—

Rose, J.

The parties are the married parents of a son, born in 2006. In September 2007, they moved into the home of Amy Aubin while

petitioner (hereinafter the father) worked in the Aubin residence as Aubin's handyman and a dispatcher in her newspaper distribution business. Respondent (hereinafter the mother) had been unemployed since just before the child's birth, but found full-time employment in late 2007. In February 2010, the father left the marital bedroom to begin sleeping in the family room and thereafter began a relationship with Aubin which, as of June 2010, included sharing a bedroom with her while the mother remained in the residence. With the father's encouragement, the mother then carried on a brief affair with another male guest staying at the residence. In August 2010, after a physical confrontation between the mother and the father over the mother's plan to leave for a weekend visit with the child to the home of the father's parents, Aubin had the father give the mother an eviction notice indicating that she was no longer welcome at the residence.

The father then commenced a proceeding seeking custody of the child, and the mother cross-petitioned for custody. After a hearing, Family Court concluded that both parents were actively involved in the child's life and capable of caring for him, and the court granted joint legal custody to the parties with the mother having primary physical placement. In light of the mother's full-time employment and the father's flexible work schedule, the court awarded the father all-day visitation from 8:00 A.M. until 5:30 P.M. every weekday that the mother works until the child starts kindergarten in September 2011, at which time the father will have two consecutive three-overnight weekends out of every three weekends and all day Monday following the third weekend. The father appeals, claiming that Family Court ignored his role as primary caretaker and arbitrarily determined that his living and employment situation is unstable based on speculation about the future and disapproval of his relationship with Aubin. We are not persuaded.

An initial custody determination is controlled by the best interests of the child, taking into consideration such factors as the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent (see Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]; Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1406 [2010]). On review, we will accord deference to Family Court's ability to observe the witnesses and assess their credibility, and will not disturb a determination so long as it is supported by a sound and substantial basis in the

record (*see Matter of Johnpeer v Williams*, 74 AD3d 1584, 1585 [2010]; *Matter of Richardson v Alling*, 69 AD3d 1062, 1064 [2010]).

Family Court's conclusion that the father's employment and living arrangement were less stable than the mother's reflects a reasonable assessment of the parties' current situations. The mother has been steadily employed in the same job for three years and lives alone in a two-bedroom apartment in proximity to playgrounds and the child's school. The father, in contrast, continues to live with Aubin and her two teenage daughters. The father has no employment contract or lease and his romantic relationship with Aubin is kept secret from the child and Aubin's daughters. The father acknowledged that his employment and residence are dependent on Aubin and, in the event of a falling out, he would be without a job and a home. The father also acknowledged that the Aubin residence was often tense as a result of Aubin's acrimonious divorce and the custody issues surrounding her own children. Notably, Aubin did not testify in support of the father. Family Court noted the circumstances surrounding the father's relationship with Aubin as an indication, along with the reported arguments between the father and Aubin, of the lack of stability in their relationship. Although not determinative, we also note that Family Court's conclusion is in accord with the position advocated by the attorney for the child (*see Matter of Torkildsen v Torkildsen*, 72 AD3d at 1407).

According due deference to Family Court's credibility determinations, its conclusion that the home environment provided by the father is not as stable as the environment provided by the mother is supported by a sound and substantial basis in the record (*see Matter of Johnpeer v Williams*, 74 AD3d at 1585-1586; *Matter of Richardson v Alling*, 69 AD3d at 1064; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]). Finally, we find no basis for the father's claim that the requirement that he be available to personally supervise the child during his visitation periods demonstrates the arbitrary nature of the award.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.