■ IAN W. HUGHES, Respondent, v MARCY GALLUP-HUGHES, Appellant. [935 NYS2d 149]—

Stein, J.

Preliminarily, we note that this appeal has not been rendered moot by a subsequent Family Court order which resolved custody enforcement and family offense petitions filed by the parties. That order was issued upon stipulation and clarified existing provisions of the order appealed from concerning communication and notice, while leaving intact the provisions of the order on appeal with respect to legal custody and parenting time. Accordingly, there is no basis to conclude that the mother relinquished her right to pursue this appeal (*see Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]).

Nor are we persuaded by the mother's contention that her rights were violated when she was allowed to represent herself at the nonjury trial. There is no constitutional right to counsel in a matrimonial action (*see Matter of Smiley*, 36 NY2d 433, 439 [1975]; *Potter v MacLean*, 75 AD3d 686, 687 [2010]) and pro bono assignment of counsel is discretionary (*see Matter of Smiley*, 36 NY2d at 441). Here, the mother acknowledged that she probably did not qualify for assigned counsel. In addition, the record reflects that the mother worked in the federal court system, had previously appeared in the proceedings with counsel and had engaged in protracted negotiations with the father's counsel. While there was minimal discussion on the record between Supreme Court and the mother regarding her decision to represent herself, after examining all the relevant circumstances, we are satisfied that the mother's "decision to proceed pro se was an informed and voluntary one made with full awareness of the risks inherent in representing [her]self" (*Matter of Bombard v Bombard*, 254 AD2d 529, 530 [1998], *lv denied* 93 NY2d 804 [1999]). Moreover, Supreme Court afforded her ap-

propriate latitude at trial. The court was not required to do more.

Turning to the merits, we conclude that Supreme Court's determination had a sound and substantial basis in the record. In making an initial custody determination, the trial court is guided by the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Jolynn W. v Vincent X.*, 85 AD3d 1217, 1217 [2011], *lv denied* 17 NY3d 713 [2011]) upon consideration of, among other things, each parent's ability to provide a stable home environment, their ability to provide for the child's overall well-being and their willingness to foster a relationship between the child and the noncustodial parent (*see Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]; *Matter of Smith v Smith*, 61 AD3d 1275, 1276 [2009]). We accord great deference to the factual findings of Supreme Court in view of its advantageous position to evaluate the testimony and assess the credibility of witnesses (*see Matter of Rundall v Rundall*, 86 AD3d at 701; *Williams v Williams*, 78 AD3d 1256, 1257 [2010]).

The parties here conceded that communication with regard to child rearing had become impossible, with each one blaming the other. In addition, multiple altercations between the parties required police intervention. These circumstances provide a substantial basis for Supreme Court's conclusion that joint custody was not appropriate (*see Williams v Williams*, 78 AD3d at 1258; *Matter of Tamara FF. v John FF.*, 75 AD3d 688, 688-689 [2010]).

As to Supreme Court's decision to award sole custody to the father, while both parents have shortcomings, evidence concerning the mother's behavior seriously called into question her judgment. For example, there was testimony that the mother had inappropriate conversations with the child regarding legal matters and that she had "emotional outbursts" in the presence of the child. Further, the mother admitted to breaking into the father's residence while the child was present in order to retrieve clothing for the child after an apparent misunderstanding with the father. The father testified that the mother becomes hostile when conversing with him. Significantly, the evidence established that the father had assumed most of the parenting responsibilities when the mother moved to Oneida County from Schenectady County in October 2008 and the mother conceded that his parenting skills were excellent. Under all the circumstances, while we do not condone the father's apparent resistance to having direct contact with the mother, there is ample support in the record for Supreme Court's determination that

the father was the more appropriate custodial parent and "the best alternative in a *most* unfortunate situation." We, therefore, decline to disturb that court's conclusion that an award of sole custody to the father was in the best interests of the child. Moreover, while not determinative, this conclusion is in accord with the position advanced by the attorney for the child (*see Matter of Rundall v Rundall*, 86 AD3d at 702).

Nonetheless, we reject the father's contention that he should be awarded costs and counsel fees. A prevailing litigant in a custody matter is not ordinarily entitled to recover his or her counsel fees (*see Kovach v Hurlburt*, 288 AD2d 727, 729 [2001]). Nor is there any indication that this appeal was in bad faith, "completely without merit in law" (22 NYCRR 130-1.1 [c] [1] or otherwise frivolous (*see* 22 NYCRR 130-1.1; CPLR 2214). Indeed, Supreme Court explicitly stated that its decision "should not be construed as a finding that . . . the mother does not nurture the child and possess the functional ability to meet his needs."

To the extent not specifically addressed herein, the mother's remaining contentions have been considered and are unpersuasive.

Spain, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.