■ In the Matter of DANIELLE TT., Respondent, v MICHAEL UU., Appellant. (And Two Other Related Proceedings.) [933 NYS2d 449]—

Malone Jr., J.

The parties are the separated, but still married, parents of two children (born in 2005 and 2007). In October 2008, petitioner (hereinafter the mother) commenced a custody proceeding seeking sole custody of the children, and a family offense proceeding alleging that respondent (hereinafter the father) had committed acts constituting harassment and disorderly conduct. The father thereafter cross-petitioned for custody of the children. After extensive hearings, Family Court dismissed the family offense petition and awarded the mother sole custody of the children. The father appeals.

An initial custody determination is guided by the best interests of the children as determined by consideration of, among other things, each parent's ability to provide a stable home environment, their ability to provide for the children's overall well-being and their willingness to foster a relationship between the children and the noncustodial parent (see *Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]; *Matter of Smith v Smith*, 61 AD3d 1275, 1276 [2009]). This Court "accord[s] deference to Family Court's ability to observe the witnesses and assess their credibility, and will not disturb a determination so long as it is supported by a sound and substantial basis in the record" (*Matter of Rundall v Rundall*, 86 AD3d at 701-702; see *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]).

The evidence here establishes that both the mother and the father are fit and loving parents to the children and that each parent demonstrates strengths and weaknesses. Nevertheless,

the record supports Family Court's determination to award sole custody to the mother, who has been the children's primary caregiver, because she is better able to provide proper guidance to the children and she is more likely to foster a relationship between the children and the noncustodial parent. This determination was based on, among other things, evidence that the father was strict and controlling, while the mother demonstrated less anger, more flexibility and more understanding when dealing with the children. Testimony at the hearing also established that the father was less likely than the mother to follow through on disciplining the children, which suggested that he was more concerned about persuading the children to like him than with creating and enforcing structure for them. Witnesses at the hearing described the father as domineering, self-centered and distant in his interactions with the children, whereas the mother was described as enjoying a close and nurturing relationship with them. Although the father raises contentions regarding the mother's history of marihuana use and other health issues, the record reflects, as Family Court found, that those issues have been adequately addressed by the mother and do not interfere with her current ability to care for the children. Overall, the record supports Family Court's finding that, "[i]f awarded custody[,] it is very likely that [the father] will act to alienate the children from their mother, denigrate her to them, and attempt to cut her and her family off from them, as he has done in the past." Although the mother has had some weaknesses in the past, the record reflects that the mother recognizes those weaknesses and has taken action to improve them, whereas the father fails to acknowledge his own shortcomings and, instead, concentrates on the mother's (see Matter of Melissa K. v Brian K., 72 AD3d 1129, 1131-1132 [2010]). Considering all of the relevant facts, and according great deference to Family Court's assessment of the witnesses' credibility, a sound basis exists in the record to support the award of sole custody of the children to the mother (see Matter of Baker v Baker, 82 AD3d 1462 [2011]).*

The father's remaining contentions, including his claim that the attorney for the children was biased against him, have been reviewed and we find them to be unpersuasive.

---

* To the extent that the father challenges Family Court's award of sole legal custody to the mother, we reach the same conclusion based upon credible evidence of, among other things, the parties' contentious relationship, as well as the father's controlling and overbearing nature and his tendency to attempt to undermine the mother's parenting (see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]).

Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.