■ In the Matter of ROBERT RAYNORE, Appellant, v KAETLIN RAYNORE, Respondent. (And Another Related Proceeding.) [940 NYS2d 176]—

Kavanagh, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2007). After the parties had separated on numerous occasions, both filed petitions for custody of the child and, while these proceedings were pending, the father was granted temporary physical custody. Family Court, after a hearing, directed that the parties have joint legal custody of the child, with the mother having

primary physical custody and the father having access to the child pursuant to an established visitation schedule. The father now appeals.

In making an initial determination of custody, Family Court's focus is on the child's best interests (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Shearer v Spisak,* 90 AD3d 1346, 1347 [2011]), and the court must take into consideration "the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Rundall v Rundall,* 86 AD3d 700, 701 [2011]; *see Hughes v Gallup-Hughes,* 90 AD3d 1087, 1089 [2011]). The court's determination will not be disturbed, given its opportunity "to observe the witnesses and assess their credibility, . . . so long as it is supported by a sound and substantial basis in the record" (*Matter of Rundall v Rundall,* 86 AD3d at 701-702). Here, Family Court concluded that it was in the child's best interests to live with the mother, even though the father had been the child's primary caretaker in the months leading up to the hearing and a close relationship obviously existed between them. The court's conclusion was based primarily on the father's history of drug abuse and the fact that, as recently as 2010, witnesses observed him using crack cocaine and he had tested positive for opiates. The court also noted that the father had failed to complete any counseling or treatment designed to address his use of illegal drugs, and he had a record of intermittent employment. Also, the father has a criminal history, which includes a charge that he stole a credit card from a prior employer, and he admitted to operating a motor vehicle with a suspended license. In contrast, the mother is gainfully employed and receives benefits, including health insurance for both her and the child. She resides with her father and, as Family Court found, has been able to provide a suitable home environment for the child.

We also note that the relationship between the parties has been plagued by numerous instances of domestic violence, some of which occurred in the child's presence and, on one occasion, escalated to the point that the police were called and the father was placed under arrest. However, despite these difficulties, the mother appears to recognize the need for the child to have a relationship with his father and the father's family. The father, on the other hand, has not been as cooperative and, while he had temporary custody of the child, he persistently interfered with the mother's attempts to visit with the child and refused to al-

low her father to pick the child up for these visits. Given these facts, we conclude that Family Court's decision to award primary physical custody to the mother has a sound and substantial basis in the record (*see Matter of Gunthorpe v Cathey*, 52 AD3d 907, 909 [2008]).

Finally, we reject the father's conclusion that Family Court's visitation order was unfair and too restrictive. The schedule as established is clearly "guided by the best interests of the child" and, given the evidence that exists in the record, we see no reason to modify it (*Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007]).

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.