■ In the Matter of BRANDI EVA MAE BARKER, Appellant, v DALE D. DUTCHER, Respondent. [947 NYS2d 672]—

Rose, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 18, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter (born in 2003). After the parties' 11-year relationship dissolved, Family Court entered an order on consent providing for, among other things, joint custody of the child with the father having primary physical custody during the school year and parenting time with the mother. Days later, the mother petitioned for modification of the custody order. Following fact-finding and *Lincoln* hearings, Family Court treated the matter as an initial custody proceeding in light of the brevity of the parties' agreement and awarded joint custody with physical custody to the father and parenting time to the mother. The mother now appeals.

The child's best interests is the paramount concern in a custody determination (*see Matter of Robinson v Davis*, 58 AD3d 1041, 1042 [2009]), and an initial custody determination requires Family Court to consider such factors as "the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]). In a comprehensive decision, Family Court considered all of the appropriate factors in determining that the father's home provided more of the stability and continuity of

the life to which the child was accustomed. Although the condition of the father's home is cluttered, unkempt and in need of some repair, the court noted that there was no credible evidence that the child was adversely affected—either medically, emotionally or socially—as a result of these living conditions. Notably, the residence was in the same unkept condition while the mother resided there for numerous years prior to the termination of the relationship. Moreover, the child has always lived in this house, which is part of a small working farm owned by her paternal grandmother, who also lives there and with whom she has a close relationship. The mother, on the other hand, is in a more urban location in another county, and an award of physical custody to the mother would require the child to leave her horse and other pets, enroll in a new school and adapt to a lifestyle different than the country life to which she is accustomed. Upon our review of the record, and giving deference to Family Court's credibility determinations, we find a sound and substantial basis to support the decision that joint custody, with primary physical custody to the father, is in the child's best interests (*see Matter of Raynore v Raynore*, 92 AD3d 1167, 1168 [2012]; *Moor v Moor*, 75 AD3d 675, 676-677 [2010]). Finally, the record belies the mother's contention that the parties' relationship is so acrimonious as to render an award of joint custody to be unworkable.

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.