■ In the Matter of JENNIFER STEVENS, Respondent, v RALPH GIBSON, Appellant. (And Another Related Proceeding.) [952 NYS2d 648]—

Malone Jr., J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 1999 and 2002). In January 2009, the mother was granted sole custody of the children. In March 2010, both parties filed modification petitions, with the father seeking custody of the children based upon an allegation that the mother had her live-in paramour make a telephone call to the father threatening to harm him and the children, and the mother requesting that the father's visitation with the children be supervised. Family Court thereafter entered a temporary order continuing custody of the children with the mother and granting weekend visitation to the father. Family Court also required both parties to submit to substance abuse evaluations. Although the mother eventually complied and was found not to be in need of treatment, it took her 10 months to complete the evaluation. However, the father failed to complete the evaluation process. The mother, joined by the attorney for the children, moved to dismiss the father's petition. Citing, among other concerns, the fact that the petitions had been pending for more than one year, Family Court dismissed the father's petition without prejudice and awarded the parties joint legal custody, with primary physical custody remaining with the mother, and continued visitation with the father on weekends. The father now appeals.

Clearly, a prior custody order "cannot be modified unless there has been a sufficient change in circumstances [after] the entry of the prior order which, if not addressed, [could] have an adverse effect on the children's best interests" (*Matter of Neeley v Ferris*, 63 AD3d 1258, 1259 [2009]; *see Matter of Robinson v Davis*, 58 AD3d 1041, 1042 [2009]). Here, Family Court modified the prior custody order without making determinations as to whether a change in circumstances had occurred after the entry of the prior order and whether any such change in circumstances warranted a modification in the best interests of the children (*see Matter of Jodi S. v Jason T.*, 85 AD3d 1239 [2011]). Also, the court made no inquiry into whether any evi-

dence supported the allegations in the parties' respective petitions. Further, as the record before us does not indicate that the court had obtained sufficient information through prior dealings with these parties to make a determination regarding custody without first conducting a hearing, the matter must be remitted to Family Court for further development of the record (*see generally Matter of Marshall v Bradley*, 59 AD3d 870, 871 [2009]). In light of this determination, we need not address the father's remaining claim.

Mercure, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.