Rose, J.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son born in 1998. When the parties separated in 2007, the child resided with the mother and spent visitation time with the father. During an exchange of the child in 2010, an incident occurred that led the mother to file family offense and custody petitions. The father then cross-petitioned for custody. At a preliminary appearance, a temporary order was issued at the request of the attorney for the child prohibiting the mother’s live-in boyfriend from being *1058 alone with the child. Later, after speaking with the child in camera and conducting a fact-finding hearing, Family Court directed that the parties have joint legal custody and awarded residential custody to the father with liberal visitation pursuant to an established schedule to the mother. The mother appeals and we affirm.
Although the mother argues that the in camera interview with the child was improper because it occurred prior to the fact-finding hearing, it was held on the same date and we are satisfied by our review that, contrary to the mother’s speculation, it served to corroborate evidence presented at the fact-finding hearing (see e.g. Matter of Bjork v Bjork, 58 AD3d 951, 954 [2009], lv denied 12 NY3d 708 [2009]; Matter of Gorham v Gorham, 56 AD3d 985, 987 [2008]). Further, we find no basis for the mother’s request to us that we now breach the child’s right to confidentiality by releasing the transcript (see e.g. Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 n 4 [2011]; Matter of Sellen v Wright, 229 AD2d 680, 681-682 [1996]).
The mother also contends — for the first time on appeal — that Family Court improperly limited her presentation of evidence at the hearing. We cannot agree. Rather, the mother focused her testimony on the alleged family offense and otherwise offered no evidence on her direct testimony to support the allegations in her custody petition. Nor did she offer either the testimony of her boyfriend or any details as to her home environment. The mother’s only mention of the boyfriend was in response to the court’s questioning at the conclusion of her direct case, when she asserted that the child got along “wonderfully” with him, a statement that the court did not credit.
Although the mother argued in Family Court for sole custody on the ground that the child had been living with her and there was no reason to change that arrangement, she concedes on appeal that this was an initial custody determination and the governing standard is the best interests of the child. Accordingly, the parties’ informal arrangement was but one factor for Family Court to consider (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Smith v Smith, 61 AD3d 1275, 1276 [2009]). In making its determination, Family Court could also consider factors such as the “parents’ ability to provide a stable home environment for the child, the child’s wishes, the parents’ past performance, relative fitness, ability to guide and provide for the child’s overall well-being, and the willingness of each parent to foster a relationship with the other parent” (Matter of Rundall v Rundall, 86 AD3d 700, 701 [2011]; accord Jeannemarie O. v Richard P., 94 AD3d 1346, 1346-1347 [2012]; see *1059 Eschbach v Eschbach, 56 NY2d at 172). “On review, we will accord deference to Family Court’s ability to observe the witnesses and assess their credibility, and will not disturb a determination so long as it is supported by a sound and substantial basis in the record” (Matter of Rundall v Rundall, 86 AD3d at 701-702 [citations omitted]; accord Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1103 [2011]).
The record here supports Family Court’s credibility determinations and its conclusion that the child’s interests would be better served by being in the father’s care. The father offered uncontradicted testimony that he spent all of his visitation time with the child, taking him to the playground, the library, the YMCA and other activities. The father is also involved in the child’s medical care, takes the child to counseling and communicates with the counselors and the child’s school about his needs. The evidence also revealed that, at times when the child was with the father, he did not want to return to the mother’s custody because of the stress caused by her home environment. Although the father has maintained the same residence since his separation from the mother and the child has his own room at the residence, the father also expressed a willingness to move to keep the child in the school district that he currently attends, and Family Court made such a move a condition of the custody order.
While the mother retook the stand at the conclusion of the father’s testimony to say that she had a “problem” agreeing that the child was in a depressed state, she did agree with the father and the attorney for the child that the child needed counseling, and she agreed to participate in counseling with the father in an effort to improve their ability to coparent the child. Deferring to Family Court’s credibility determinations, we are satisfied that a sound and substantial basis exists in the record for the conclusion that joint custody, with the father having primary physical custody, is in the child’s best interests (see Matter of Raynore v Raynore, 92 AD3d 1167, 1168 [2012]; Matter of Danielle TT. v Michael UU., 90 AD3d at 1104; Matter of Rundall v Rundall, 86 AD3d at 702).
Her cure, J.E, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.