Lahtinen, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 22, 2011, which, among other things, partially granted respondent’s application, in three proceedings pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2005). Their relationship ended in 2008. The child continued residing with the mother until March 2011 when, at the mother’s request, the child went to live with the father in New *1210 Jersey because the mother was temporarily without suitable housing. Claiming concern about the mother’s living conditions, the father refused to return the child and, in June 2011, he petitioned for custody. The mother then petitioned for custody and, asserting that she had not been permitted to see the child since March 2011, she commenced a separate proceeding in August 2011 alleging that the father had violated Family Court’s temporary order regarding visitation.
Family Court conducted an in camera interview of the six-year-old child and, thereafter, a hearing was held on the pending petitions, at which only the mother testified. Although his counsel was present, the father failed to appear for the hearing. Family Court dismissed the father’s petition. However, upon considering the mother’s petitions, the court granted joint legal custody with the father having primary physical custody.* While the court also determined that the father had willfully violated the visitation order, it imposed no sanction. The mother appeals.
This was an initial custody determination where the overriding concern is the best interests of the child (see Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]). The nonexhaustive list of pertinent factors in best interests analysis include “the parents’ ability to provide a stable home environment for the child, the child’s wishes, the parents’ past performance, relative fitness, ability to guide and provide for the child’s overall well-being, and the willingness of each parent to foster a relationship with the other parent” (Matter of Rundall v Rundall, 86 AD3d 700, 701 [2011]). We will not disturb Family Court’s determination where it is supported by a sound and substantial basis in the record (see Matter of Williams v Williams, 66 AD3d 1149, 1151 [2009]).
Family Court was faced with a difficult decision since both parents had significant flaws in their past parenting. While the record supports joint legal custody, there is inadequate proof to support the determination that the father should have primary physical custody. There was virtually no proof regarding the home environment that the father could provide. It is not clear what involvement he had with the child after the parties separated in 2008. It is apparent that his work schedule resulted in him sometimes not being home when the child was home and, while he had a girlfriend who lived with him, the record reveals nothing relevant about her. Many of these issues could *1211 have been clarified if the father had testified, and his failure to even appear at the hearing does not reflect well on his priorities in seeking custody. Given the child’s young age, his in camera statements do not receive as much weight as an older child (see Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011]). The father was not cooperative in fostering the mother’s relationship with the child, as revealed by both the violation finding and the mother’s testimony.
While the mother exercised poor judgment in living with a person she now characterized as a drug addict, her actions reflected concern about the child since she took steps to find other housing for him once her situation deteriorated. She testified that she was the primary caretaker from birth until March 2011. She had enrolled the child in prekindergarten, attended conferences and participated in school activities. According to the mother, she had taken all responsibilities to ensure that the child received medical care. When the child was in her custody, she was cooperative in arranging visits with the father. At the hearing, the mother indicated a willingness to place the child’s interests ahead of her own, as she agreed not to change custody at a time when it would disrupt his schooling, waiting until the Christmas or summer break. She provided proof that she had addressed her housing difficulties. She reportedly had found work and acquired suitable housing for the child to live with her. Upon review of the record, and particularly noting the father’s failure to provide any proof to support placing primary physical custody with him, we find merit in the mother’s argument that on this record she should receive primary physical custody. The matter must be remitted to establish an appropriate visitation schedule for the father and to determine a suitable time for the change in custody, taking into account the child’s school schedule.
The remaining arguments are either academic or without merit.
Mercure, J.E, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as resulted in granting primary physical custody to petitioner; grant primary physical custody to respondent, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 Although the order did not specifically state that it was granting physical custody to the father, it had that practical result as it granted various visitation (e.g., one weekend a month) to the mother.