Stein, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 25, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2008). In August 2010, the mother filed a petition seeking custody of the *930 daughter.* Following a fact-finding hearing, Family Court awarded the parties joint legal custody, with primary physical custody to the mother and specified parenting time to the father. The father now appeals, arguing that Family Court should have awarded him primary physical custody of the child.
We affirm. The paramount concern in any custody determination is the child’s best interests (see Matter of King v Barnes, 100 AD3d 1209, 1210 [2012]; Hughes v Gallup-Hughes, 90 AD3d 1087, 1089 [2011]; Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]). An initial custody determination requires consideration of, among other things, the parents’ ability to provide a stable home environment and provide for the child’s overall well-being (see Matter of Bambrick v Hillard, 97 AD3d 921, 921-922 [2012]; Matter of Raynore v Raynore, 92 AD3d 1167, 1168 [2012]; Matter of Rundall v Rundall, 86 AD3d 700, 701 [2011]).
In resolving the instant custody dispute, Family Court noted that the mother was “not perfect,” citing various deficiencies including, among other things, her admission that she occasionally smoked marihuana with her boyfriend and the fact that she had another child from a previous relationship of whom she did not have custody. However, on balance, the court found that the mother was better suited to have primary physical custody. Family Court’s conclusion that it was in the child’s best interests to primarily reside with the mother was based, in large part, on its finding that the mother has been the primary caretaker for most of the child’s life and is best able to provide stability for the child. In this regard, the mother was sharing a home with her boyfriend, his mother—a licensed practical nurse—and his mother’s friend, all of whom assisted the mother in caring for the child. While the mother was not working, she was receiving public assistance and food stamps, as well as financial assistance from her boyfriend, who was employed.
Family Court noted that the lifestyle of the father—who was also unemployed—was “more chaotic” than the mother’s lifestyle. The court also expressed concern regarding the father’s criminal history—including two periods of incarceration—and evidence of his regular drug use, as well as a history of selling illegal drugs and of violence toward others. In addition, the mother claimed that the father had threatened her, and these allegations were, to some extent, verified by the father. According appropriate deference to Family Court’s credibility assess- *931 merits, we find a sound and substantial basis in the record to support the decision that joint custody, with primary physical custody to the mother, is in the child’s best interests (see Matter of Barker v Dutcher, 96 AD3d 1313, 1314 [2012]).
Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 The father filed a cross petition for custody, which was dismissed without prejudice when the father failed to appear on the initial court date regarding such petition.