Mercure, J.P
Appeal from an order of the Family Court of Broome County (Pines, J.), entered February 2, 2011, which, among other things, granted respondent’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ children.
*1068 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of three children, Joseph (born in 2003) and twins Joshua and Betty (born in 2005). When the parents ceased living together, they mutually agreed to joint custody of the children, with the father having primary physical custody of Joseph and the mother having primary physical custody of Joshua and Betty. In August 2009, the father commenced the first of these proceedings seeking sole custody of the children; the mother cross-petitioned for custody.
In June 2010, Joseph revealed that the father had used excessive corporal punishment on him, and the mother then commenced proceedings seeking modification of a temporary custody order and alleging that the father committed a family offense. Following hearings, Family Court determined that the father had committed a family offense, issued a two-year order of protection in favor of the mother and the children, and awarded the mother custody of all three children, with the father granted supervised visitation. The father now appeals.*
We affirm. In making an initial custody determination, Family Court must consider the best interests of the child, including the ability of the parents to provide a stable home environment, their past performance, relative fitness, and ability to provide for the overall well-being of the child, each parent’s willingness to foster a relationship with the other parent, the child’s wishes, and any informal agreement between the parents (see Matter of Roberta GG. v Leon HH., 99 AD3d 1057, 1058-1059 [2012]; Jeannemarie O. v Richard P., 94 AD3d 1346, 1346-1347 [2012]; Matter of Raynore v Raynore, 92 AD3d 1167, 1168-1169 [2012]). Great deference is accorded to Family Court’s credibility assessments, and its determination will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Roberta GG. v Leon HH., 99 AD3d at 1059; Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1103 [2011]).
Here, ample evidence supports Family Court’s finding that the father used excessive corporal punishment. With regard to the June 2010 incident, the mother and two other family members testified that when Joseph arrived for his visit, he stated without prompting that the father had beaten him with a paddle, and he had welts and bruising. The bruises were subsequently observed by two child protective caseworkers, one of whom noted that the bruising was consistent with being hit by a paddle. Joseph also told the caseworkers that his father *1069 had beaten him with a paddle, giving rise to an indicated report for excessive corporal punishment. While the father related a different version of events, Family Court explicitly found him to be a less than credible witness. Notably, the father had been the recipient of a previous indicated report for inadequate guardianship, involving physical discipline of Joseph. In addition, testimony revealed that he had engaged in excessive physical discipline of the mother’s other children while living with her.
Although both parents admitted past drug use, the mother cooperated with drug test requests and tested negative. In contrast, although the father claimed that he no longer used drugs, he ultimately admitted to using a hallucinogenic substance on several occasions. Moreover, he did not comply with a caseworker’s request to submit to a drug test and, at the conclusion of her investigation, he was indicated for drug use for having smoked marihuana in front of one of the children.
Under these circumstances, Family Court’s grant of sole custody to the mother is supported by a sound and substantial basis in the record (see Jeannemarie O. v Richard P., 94 AD3d at 1347; Matter of Raynore v Raynore, 92 AD3d at 1169). Furthermore, we reject the father’s contention that Family Court erred in restricting his contact with the children to supervised visitation. Given the evidence in the record that the father subjected Joseph to excessive corporal punishment and continues to engage in drug use, we cannot say that Family Court abused its discretion in determining that supervised visitation was in the best interests of the children (see Matter of Knight v Knight, 92 AD3d 1090, 1092-1093 [2012]; Matter of Beard v Bailor, 84 AD3d 1429, 1430-1431 [2011]).
We have considered the father’s remaining contentions and find them to be without merit.
Rose, Lahtinen and Garry, JJ, concur. Ordered that the order is affirmed, without costs.

 The father does not challenge the order of protection and, thus, any arguments he may have had in that regard are deemed abandoned (see Matter of Telsa Z. [Rickey Z. — Denise Z.], 71 AD3d 1246, 1249 n 3 [2010]).