■ DANIEL J. BOWMAN, Respondent, v HEATHER M. ENGELHART, Appellant. [977 NYS2d 457]—

Spain, J. Appeal from a judgment of the Supreme Court (Mc-Namara, J.), entered March 13, 2013 in Albany County, ordering, among other things, sole legal custody of the parties' children to plaintiff, upon a decision of the court.

The parties were married in 2003 and are the parents of two children, a daughter (born in 2006) and a son (born in 2007). Plaintiff (hereinafter the husband) commenced this action for divorce in 2010 and sought, among other things, sole legal custody of the children. In April 2012, Supreme Court temporarily granted the parties joint legal and physical custody of the children and set forth a parenting schedule. The court then conducted a nonjury trial on all unresolved issues and, among other things, awarded the husband sole legal custody of the children. Defendant (hereinafter the wife) was granted parenting time with the children on Wednesday evenings and alternate weekends. The wife now appeals from the judgment of divorce, focusing solely upon the issues of custody and visitation.

As in all child custody determinations, we are guided here by the best interests of the children (*see Jeannemarie O. v Richard P.*, 94 AD3d 1346, 1346 [2012]; *Hughes v Gallup-Hughes*, 90 AD3d 1087, 1089 [2011]). In assessing the children's best interests, a court must view all of the circumstances while considering certain factors, such "as the parents' ability to provide a stable home environment for the child[ren], the child[ren's] wishes, the parents' past performance, relative fitness, ability to guide and provide for the child[ren's] overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]; *see Jeannemarie O. v Richard P.*, 94 AD3d at 1346). Upon review, "we will accord deference to

[Supreme] Court's ability to observe the witnesses and assess their credibility, and will not disturb a determination so long as it is supported by a sound and substantial basis in the record" (*Matter of Rundall v Rundall*, 86 AD3d at 701-702).

The record "supports Supreme Court's determination that joint custody was not feasible due to the parties' mutual animosity and inability to communicate as to matters affecting the children" (*Jeannemarie O. v Richard P.*, 94 AD3d at 1347). For a prolonged period of time, the parties were unable to adequately communicate regarding their work schedules so that childcare could be arranged. While that problem has abated, their difficulties dealing with one another remain, with the husband admittedly recording all of his interactions with the wife and the wife stating that she avoids communicating with the husband whenever possible. The record also reveals that they have engaged in disputes over essentially every aspect of child rearing, including matters of discipline, childcare, the sleeping arrangements of the children, and whether and how the children would participate in trips and activities. They also have an ongoing dispute over what school their daughter should attend that has required judicial intervention to resolve.

While the parenting skills of the husband are not above reproach, a sound and substantial basis in the record similarly supports Supreme Court's grant to him of sole custody. The court credited the testimony of the husband that the wife endeavored to minimize his role in the lives of the children, including by repeatedly telling the children that they would be moving to California to find "a new daddy" who was not "broken" and could be trusted, and depriving the husband of access to the children by encouraging them to spend protracted periods of time in the wife's separate bedroom when they cohabited in the marital residence. Moreover, the wife routinely referred to the husband in degrading and obscene terms in front of the children. A psychologist who conducted a court-ordered evaluation of the parties and the children noted that the divorce proceedings had impaired the wife's "ability to support and . . . encourage a healthy relationship between the children and [the husband]." The psychologist nevertheless recommended joint custody, but went on to make the incompatible recommendation that the husband should be granted "the final decision making power if there is a conflict" regarding the children. Indeed, the circumstances presented here indicate that the husband is more fit to act as the custodial parent and more likely to foster a positive relationship between the children and the other parent and he was providently awarded sole custody (*see Matter of*

*Dana A. v Martin B.*, 72 AD3d 1136, 1137-1138 [2010]; *Matter of McGivney v Wright*, 298 AD2d 642, 643-644 [2002], *lv denied* 99 NY2d 508 [2003]).

While we perceive no reason to disturb the custody award, the attorney for the children—who advocated at trial for joint custody—persuasively argues that the wife's parenting time should be expanded to include holiday weekends, school vacations, and at least two weeks of time with the children each summer. The parties agreed at oral argument that a modification of visitation along those lines is warranted, although the wife contends that she should be awarded even more parenting time. The parties also concur that the record permits this Court to make an informed modification of the visitation provisions, and we are permitted to do so given that "our authority in custody [and visitation] matters is as broad as that of" the trial court (*Matter of Valentine v Valentine*, 3 AD3d 646, 647 [2004]; *see Matter of Burton v Barrett*, 104 AD3d 1084, 1086 [2013]).

After reviewing the record in this case, we agree that the wife should be awarded additional parenting time, and therefore modify the judgment. Initially, the wife will continue to be entitled to visitation on alternate weekends and Wednesday evenings as set forth in the judgment. Should the wife's weekend of parenting time fall on a three-day holiday weekend, she is entitled to parenting time beginning at 5:00 p.m. on Thursday evening if the holiday falls on a Friday, or ending at 7:00 p.m. on Monday evening if the holiday falls on a Monday. The wife is entitled to uninterrupted parenting time every year during the children's week-long school vacation in the spring from 7:00 p.m. on Sunday evening until 5:00 p.m. on Friday evening of that week, while the husband may keep the children for that period during the week-long President's Day February vacation. The wife is awarded parenting time with the children for the Thanksgiving holiday in odd-numbered years, commencing at 7:00 p.m. on Thanksgiving Eve and running until the Friday after Thanksgiving at 5:00 p.m., while the husband will keep the children for that period in even-numbered years, each adhering to the alternate weekend schedule for the weekend following Thanksgiving. As for Christmas, the wife will have parenting time with the children from 9:00 a.m. on Christmas Eve until 11:00 a.m. on Christmas Day in even-numbered years, and she is entitled to parenting time from 11:00 a.m. on Christmas Day until 9:00 a.m. on December 26 in odd-numbered years; the husband has those same times in odd-numbered and even-numbered years, respectively. The wife is further awarded parenting time with the children from 9:00 a.m. on December

26 to 7:00 p.m. on January 1 in even-numbered years, while the husband will care for the children during that period in odd-numbered years.

Furthermore, the parties are entitled to two weeks, consecutive or nonconsecutive, of uninterrupted vacation time with the children during the summer recess from school. Each parent must give written notification to the other of her or his preferred weeks by April 15 and, in the event of a disagreement, the wife's preference shall have priority in even-numbered years and the husband's preference shall have priority in odd-numbered years. Finally, the wife shall have additional or alternative parenting time as the parties can agree. We decline the invitation by the attorney for the child to set forth his suggested detailed rights and responsibilities of the parties in writing as part of the custody and visitation arrangement; nevertheless, we stress that both parties would be well advised to scrupulously honor the visitation schedule and to be civil and courteous in all dealings with each other, avoiding the possibility of being held in contempt.

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded defendant visitation on alternate weekends from Friday at 5:00 p.m. until Sunday at 7:00 P.M. and every Wednesday from 5:00 p.m. until 7:30 p.m.; award visitation as set forth in this Court's decision; and, as so modified, affirmed.