■ In the Matter of ALICIA KEEN, Respondent, v ANTHONY STEPHENS, Appellant. (And Another Related Proceeding.) [981 NYS2d 174]—

Peters, P.J. Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered April 19, 2012, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son (born in 2010). In May 2011, the mother commenced this proceeding seeking custody of the child and listed the father as the child's biological father. After an order of filiation was entered establishing his paternity, the father filed a petition for custody as well. Family Court granted the mother temporary custody of the child and, following a fact-finding hearing, awarded sole custody to the mother with supervised visitation to the father for two hours each week. The order also provided that the father could apply for a modification after he has undergone a drug and alcohol evaluation and successfully completed any recommendations stemming therefrom. This appeal by the father ensued.

An initial custody determination is controlled by the best interests of the child, taking into consideration such factors as "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (*Matter of Adams v Morris*, 111 AD3d 1069, 1069-1070 [2013]; *see Matter of McLaughlin v Phillips*, 110 AD3d 1184, 1185 [2013]). Given the superior position of Family Court to evaluate the testimony and assess the credibility of witnesses, its determination is accorded great deference and will remain undisturbed so long as it is supported by a sound and substantial basis in the record (*see Matter of Joseph G. v Winifred G.*, 104 AD3d 1067, 1068 [2013], *lv denied* 21 NY3d 858 [2013]; *Matter of Danielle TT. v Michael UU.*, 90 AD3d 1103, 1103 [2011]; *Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]).

By his own admission, the father has a long-standing history of marihuana use. He openly acknowledged that he smokes marihuana "once or twice a week" and has done so for "years"—including during periods of time that he was responsible for caring for his two daughters from a previous relationship—and stated that "there's no telling" how much marihuana he will smoke on a given occasion. He was diagnosed with

"[c]annabis [d]ependence" following a court-ordered mental health evaluation and, while conceding that his marihuana use is both illegal and could impair his ability to care for his children, the father nonetheless failed to perceive that his routine use of the drug or its presence in the home was in any way problematic. There was evidence that the father would consume alcohol and then drive with his daughters in his vehicle, and testimony was presented as to an incident where he forgot to pick the subject child up from day care because he had been drinking alcohol. The mother testified that she has concerns about the father consuming alcohol prior to his visits with the child, explaining that, on at least one occasion, he showed up to her home for a scheduled visitation with blood shot eyes and smelling of alcohol. Notably, although the father does not have a driver's license, he continues to drive his vehicle to the mother's home to attend his visitations.

While the mother has her own shortcomings, she is best able to provide stability in this young child's life. She has been the child's primary caregiver since birth, has furnished a safe home environment for him and has aptly addressed his medical needs. She has also demonstrated a willingness to foster a relationship between the child and the father, as well as the father's two daughters from a different relationship. Viewing the evidence in its totality and according appropriate deference to Family Court's credibility assessments, we find that the award of sole custody to the mother is supported by a sound and substantial basis in the record (*see Matter of Joseph G. v Winifred G.*, 104 AD3d at 1069; *Matter of Raynore v Raynore*, 92 AD3d 1167, 1169 [2012]; *Matter of Danielle TT. v Michael UU.*, 90 AD3d at 1104; *Hughes v Gallup-Hughes*, 90 AD3d 1087, 1090 [2011]). Furthermore, given the father's continued drug use, his diagnoses of cannabis dependence and the recommendation that he undergo a drug and alcohol evaluation, Family Court's decision to restrict his visitation to two hours of weekly supervised visitation was a proper exercise of its discretion (*see Matter of Joseph G. v Winifred G.*, 104 AD3d at 1069; *Matter of Burrell v Burrell*, 101 AD3d 1193, 1195 [2012]; *Matter of Raynore v Raynore*, 92 AD3d at 1169; *Matter of Beard v Bailor*, 84 AD3d 1429, 1431 [2011]).

Finally, we cannot say that Family Court abused its discretion in failing to sua sponte appoint an attorney for the child. "While appointment of an attorney for the child in a contested custody matter remains the strongly preferred practice, 'such appointment is discretionary, not mandatory' " (*Matter of Ames v Ames*, 97 AD3d 914, 916 [2012], *lv denied* 20 NY3d 852 [2012], quot-

ing *Lips v Lips*, 284 AD2d 716, 716 [2001]; *see* Family Ct Act § 249 [a]; *Matter of Swett v Balcom*, 64 AD3d 934, 936 [2009], *lv denied* 13 NY3d 710 [2009]). Under the circumstances of this case, including the very young age of the child and the absence of any demonstrable prejudice arising from the failure to appoint an attorney to represent him, we discern no abuse of discretion (*see Moor v Moor*, 75 AD3d 675, 678-679 [2010]; *Matter of Burdick v Babcock*, 59 AD3d 826, 827 [2009]; *Matter of Swett v Balcom*, 64 AD3d at 936; *compare Matter of Robinson v Cleveland*, 42 AD3d 708, 710 [2007]).

Lahtinen, Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.