Matter of Colleen FF. v Robert FF. (2019 NY Slip Op 53946)





Matter of Colleen FF. v Robert FF.


2019 NY Slip Op 53946


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

526623

[*1]In the Matter of Colleen FF., Appellant,
v
Robert FF., Respondent. Attorney for the Children, Appellant. (And Another Related Proceeding.)

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jackson Bergman, LLP, Binghamton (Alyssa S. Congdon of counsel), for Colleen FF., appellant.
Veronica M. Gorman, Binghamton, attorney for the children, appellant.
Lauren S. Cohen, Johnson City, for respondent.
Veronica M. Gorman, Binghamton, attorney for the children, appellant.


Lauren S. Cohen, Johnson City, for respondent.



Aarons, J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered March 8, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the separated parents of two children (born in 2009 and 2012). The parties, for the most part, lived with the children at the home of the father's parents in Pennsylvania. Prior to their separation, the parties had an open relationship with two individuals. After the parties separated, the mother continued her relationship with these individuals, who she calls her life partners. The mother also moved in with her life partners in New York while the children remained with the father. The parties thereafter filed competing petitions for custody of the children. Following a hearing and Lincoln hearings with each child, Family Court awarded the parties joint legal custody of the children with the father having primary physical custody and the mother having parenting time every other weekend. The mother and the attorney for the children appeal.
When making an initial custody determination, the court is guided by the best interests of the children (see Matter of Davis v Church, 162 AD3d 1160, 1161 [2018], lvs denied 32 NY3d 905, 906 [2018]; Matter of Snow v Dunbar, 147 AD3d 1242, 1243 [2017]). The evidence from the hearing establishes that the children have lived most of their lives at the paternal grandparents' home in Pennsylvania with either both parties or just the father. The father testified that he helped the older child get ready for school by making sure that he was fed and dressed. He also testified that, with his mother's assistance, he changed the younger child's diapers, fed him and took him to the doctor. The father was generally active in both children's schooling and stated that the older child, who was attending school in Pennsylvania, was doing "excellently." During the period that the children resided with the mother, they would still visit the paternal grandparents. The record reflects that the paternal grandparents were very involved in the children's lives, and the mother recognized that the children had a good relationship with the paternal grandparents.
The mother testified that, after she and the father separated, she moved to New York to live with her life partners. When the children lived with the mother, the older child had his own bedroom and the younger child shared a room with her life partners' daughter. The mother watches the children while the life partners are at work. The mother stated that she took the children to the park, read with them, provided meals and taught them chores. The mother also stated that she assisted the older child with his homework, but that he was not doing well when he attended school in New York.[FN1] The mother testified that her life partners and their daughter had a good relationship with the children.
The record discloses that the parties communicated well with each other and were able to reach agreements regarding visitation. Indeed, Family Court found that both parents were "thoughtful people" and that they both loved their children. Taking into account the lack of acrimony between the parties and given that joint custody is preferable, we discern no basis to disturb the court's determination to award the parties joint legal custody of the children (see Matter of Robinson v Davis, 58 AD3d 1041, 1042 [2009]; Matter of Fedun v Fedun, 227 AD2d 688, 688-689 [1996]).[FN2] The court also considered the parties' finances and found that the children had "typically resided with both [parties] . . . with the [paternal] grandparents" and that keeping them in their school would be in their best interests. Viewing the record in its entirety, including the testimony from the Lincoln hearing, and deferring to the court's findings, we are unpersuaded by the contention by the mother and the attorney for the children that the court's determination giving the father primary physical custody lacks a sound and substantial basis in the record (see Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1516 [2015]; Matter of Gordon v Richards, 103 AD3d 929, 930-931 [2013]; Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1407 [2010]; Matter of Putnam v Satriano, 18 AD3d 921, 922 [2005]). Finally, we reject the attorney for the children's assertion that the court's questions directed to the children at the Lincoln hearings were improper.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The older child attended school in New York for approximately four months.

Footnote 2: We note that the attorney for the children does not take issue with the aspect of Family Court's determination awarding the parties joint legal custody of the children.