Matter of Christopher FF. v Danielle GG. (2022 NY Slip Op 04204)

Matter of Christopher FF. v Danielle GG.

2022 NY Slip Op 04204

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533231
[*1]In the Matter of Christopher FF., Appellant,
v
Danielle GG., Respondent. (And Three Other Related Proceedings.)

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Matthew C. Hug, Albany, for appellant.
Timothy S. Brennan, Albany, for respondent.
Karen R. Crandall, Schenectady, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Blanchfield, J.), entered March 4, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2010). An October 2019 order provided that the parties shared joint legal custody of the child with the mother having primary physical custody. The child resided with the mother in New York. The father, meanwhile, lived in Florida and had been doing so since 2013. The October 2019 order also provided the father with blocks of parenting time during the child's school vacations, as well as phone calls with the child. In the spring of 2020, the mother moved with the child to North Carolina. In June 2020, the father, as relevant here, commenced a modification proceeding seeking primary physical custody of the child. Following a fact-finding and a Lincoln hearing, Family Court, among other things, denied the father's request for primary physical custody of the child and dismissed the modification petition to this extent. The father appeals.[FN1]
It is undisputed that a change in circumstances existed since the October 2019 order and, therefore, the inquiry focuses on whether Family Court's custody determination serves the best interests of the child (see Matter of Batchelder v BonHotel, 106 AD3d 1395, 1396 [2013]). The record discloses that the mother has been the primary caretaker of the child for the child's entire life and that she has provided for the child's medical and educational needs. The mother also testified that the child's grades and educational development were progressing while she was at school in North Carolina. The mother testified that the father's contact with the child was minimal. According to the mother, even though the child expressed at times that she did not want to call the father, she encouraged the child to do so. The court also credited testimony from a witness that the father's contact with the child was irregular and sporadic and, when efforts were made to facilitate contact between them, the father was unreachable.
To be sure, Family Court noted that the mother was not without her faults. Nevertheless, the court carefully examined the relevant factors in the best interests analysis and found that there was more evidence indicating that the child would benefit by continuing to reside with the mother in North Carolina, as opposed to with the father in Florida. Deferring to the court's findings and credibility assessments, considering the testimony from the Lincoln hearing and noting that the court drew a negative inference against the father based upon his failure to testify (see Matter of Bjorkland v Eastman, 279 AD2d 908, 910 [2001]), a sound and substantial basis exists in the record supporting the custody determination (see [*2]Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1358 [2022]; Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]; Matter of King v Barnes, 100 AD3d 1209, 1211 [2012]; Matter of Vargas v Dixon, 78 AD3d 1431, 1432-1433 [2010]).[FN2]
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Contrary to the attorney for the child's assertion, Family Court had continuing jurisdiction to modify the October 2019 order (see Domestic Relations Law §§ 76 [1] [b]; 76-a [2]).

Footnote 2: Although not controlling, this determination is consistent with the position of the attorney for the child (see Matter of Christopher WW. v Avonna XX., 202 AD3d 1425, 1427 n [2022]).