■ ROSEMARIE A. CORBETT, Respondent, v. MICHAEL D. CORBETT, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered December 13, 1973 in Saratoga County, which denied defendant's motion to vacate so much of a judgment of divorce as awarded plaintiff alimony, child support and counsel fees, and adjudged defendant to be in contempt of court for nonpayment of such alimony, child support and counsel fees. The parties were divorced on August 29, 1973. Although defendant defaulted in appearing and answering in the divorce action he did phone plaintiff's attorneys and inquire whether there was to be a trial on August 13, 1973, and was told by the secretary that there would be no trial on that date. It developed that the trial was held, however, on August 14. The court allowed plaintiff $15 per week alimony, $100 per week for the children and a $750 counsel fee. When defendant became aware of the terms of the judgment, he engaged an attorney, moved to vacate that portion of the judgment of divorce relating to alimony, child support and counsel fees and requested that the matter be referred to Family Court. By stipulation, the matter was referred back to the Trial Judge who denied defendant's relief and held him in contempt, assessing the amount of $2,117. This appeal ensued. The defendant at all times was in default. The relief sought on the instant motion was discretionary with the court and we find no reason to disturb Special Term's decision denying defendant's motion insofar as it sought to vacate the award of alimony, support and counsel fees. As to Special Term's adjudication

of contempt for defendant's nonpayment of such alimony, support and counsel fees, however, defendant correctly maintains that this matter should have been brought on by an order to show cause. Section 245 of the Domestic Relations Law requires it. (*Matter of Zakheim* v. *Zakheim*, 43 A D 2d 755.) Order modified, on the law, so as to deny plaintiff's motion for such other and further relief as to the court may seem just and proper and by deleting so much of the second, third, fourth and fifth decretal paragraphs as adjudge defendant to be in contempt of court, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.