F. Warren Travers, J.
This is a motion by plaintiff to amend the judgment of divorce granted by this court on April 29, 1975 to provide that the balance of $550.50 be paid immediately, and that the defendant be held for interest from date of entry of said judgment, "and that the defendant in failing to comply with said judgment be held in contempt of court and that the defendant be held liable for One Hundred ($100) Dollars costs and disbursements of this motion, together with such other and further relief as to this court may seem just and proper.”
Defendant’s attorney appears specially, and argues that the court, on this motion, has no jurisdiction of the defendant.
The judgment of divorce was granted some 15 months prior to this motion; defendant’s counsel states that he has had no contact with defendant during that period and was informed by defendant’s mother that defendant was in the State of Virginia. Defendant’s counsel further states in his affidavit, "I have no authority to and by this Affidavit do not submit defendant Michael A. Richards to the jurisdiction of this court.”
The motion papers were served upon the attorney’s office. There is no indication that notice of any kind has been given to the defendant.
Plaintiff’s counsel argues that the notice of the present motion was served upon the attorney of record for the defendant in accordance with CPLR 2103 (subd [b], par 2), that is service by mail upon the attorney of record; further that plaintiff has not been notified by either the attorney for *985 defendant nor by defendant himself that said attorney no longer represents defendant in this action.
A motion to punish for contempt for nonpayment of alimony provided for in a final judgment of divorce is a motion in the original action. (See Karpf v Karpf, 260 App Div 701, and cases cited therein; Judiciary Law, § 761.)
Section 245 of the Domestic Relations Law authorizes enforcement by contempt proceedings of judgment or order in an action for divorce, separation or annulment.
Such motion, however, is brought on by order to show cause (Domestic Relations Law, § 245; Corbett v Corbett, 45 AD2d 898; Zakheim v Zakheim, 43 AD2d 755; Hammer v Hammer, 48 AD2d 878).
Since the aim of the court is to do substantial justice, it looks with disfavor upon devices which only serve as pitfalls and, therefore, disregards them whenever possible to do so. Yet, where the point made is of a substantial nature, it must be upheld. (Warmbrand v Warmbrand, 178 Misc 788.) Where, as here, the Legislature has expressly declared the manner of procedure to follow in order to enforce by contempt proceedings a judgment or order in a matrimonial action, that procedure must be followed.
It is for the court, by order, upon such notice, and in such manner as the court deems proper, to direct that a motion be brought on, and not for one of the parties, by notice of motion, to do so.
A departure from the procedure outlined is a fatal defect, where, as here, there is timely objection raised.
Motion denied, without costs and without prejudice.