■ ERIC DAHLBERG, Appellant-Respondent, v ELLEN DAHLBERG, Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered March 15, 1984 in Schoharie County, which dismissed plaintiff's application to vacate an order of contempt and an order of commitment, denied plaintiff's motion to disqualify defendant's counsel, and denied defendant's cross motion for a judgment of $4,000 and counsel fees.

In March, 1982, a divorce decree was granted in favor of defendant by Supreme Court, Schoharie County. The decree directed plaintiff to pay maintenance of $75 a week to December 31, 1982 and awarded defendant the sum of $8,000, payable in two equal installments, representing her interest in plaintiff's business and counsel fees of $1,000. On November 23, 1983, Delaware County Judge Richard H. Farley, as Acting Justice of the Supreme Court, granted defendant an order to show cause, returnable before a Special Term of Supreme Court, Delaware County, directing plaintiff to appear and show cause why he should not be held in contempt regarding his default in the various payment provisions of the divorce decree. The order provided for service by certified mail on plaintiff's attorney in the divorce action. On the return date, Special Term granted a conditional order adjudging plaintiff in contempt and giving him 10 days to purge himself by making certain payments on arrears and executing notes and security interests for the $8,000 sum awarded defendant in the decree. The order was served personally on plaintiff in February, 1983. The following May, Special Term signed a jail commitment order, pursuant to which plaintiff's release was conditioned upon his paying certain arrears and executing and delivering the instruments required in the contempt order. After spending one evening in jail, plaintiff was released upon his compliance with that order. Subsequently, through new attorneys, plaintiff moved to vacate the contempt and commitment orders on the ground that they were jurisdictionally defective. Defendant cross-moved for a judgment

of $4,000 together with counsel fees. Plaintiff then requested that defendant's counsel be disqualified. Special Term, after holding an evidentiary hearing, denied the relief requested by both parties in all respects. These cross appeals then ensued.

Plaintiff's jurisdictional challenge is targeted at the validity of the order to show cause granted by Judge Farley. We agree with plaintiff's position that an application to hold a party to a previous divorce action in contempt of the divorce decree is not a new special proceeding but rather a motion which is part of the original action (*Long Is. Trust Co. v Rosenberg,* 82 AD2d 591, 594-596; *Karpf v Karpf,* 260 App Div 701, 703; *Richards v Richards,* 88 Misc 2d 984, 985). In this case, the trial of the divorce action was venued in Schoharie County. Therefore, Judge Farley, as Delaware County Judge, was not authorized to entertain an ex parte motion for an order to show cause in a proceeding venued in Schoharie County, irrespective of whether there was an available Supreme Court Trial Term or Special Term in Delaware County when the motion was made (CPLR 2212, subd [c]; 22 NYCRR 862.2 [a]).

It does not follow, however, that the conditional contempt order granted on the return date by the Supreme Court at Special Term in a county adjoining Schoharie County was necessarily invalid because the motion seeking that relief was instituted by an invalid order to show cause. As plaintiff has successfully argued, and the previously cited cases hold, the application was part of the original divorce action. The order to show cause explained the nature of the application, the time and place it was to be heard and the grounds for the relief sought. As such, it fully complied with the formal requirements of an ordinary notice of motion (CPLR 2214). It was also made returnable more than eight days after service. Moreover, following the 1977 amendments to section 756 of the Judiciary Law and section 245 of the Domestic Relations Law (L 1977, ch 437), a contempt application may be brought on by notice of motion as well as by order to show cause (Siegel, NY Prac, § 248, p 307, n 10).

It follows from the foregoing that Special Term had subject matter jurisdiction to entertain the contempt application and that plaintiff's only viable complaint as to this aspect of his challenge to the contempt order relates to the question of valid in personam jurisdiction, the order to show cause having provided for service on his attorney rather than upon him personally. However, the record is abundantly clear that plaintiff in fact received personal notice of the contempt application and then authorized his prior attorney to negotiate and approve a disposition of the matter by a conditional order. Thereafter, his

attorney in fact conferred with opposing counsel and approved a proposed order for submission to the court, following which plaintiff paid over an agreed sum to be applied to the support arrears. All of these acts, addressed as they were to the merits of the matter, established an informal appearance in the proceeding on plaintiff's part which waived any objection he might have otherwise had based upon lack of personal jurisdiction (see Siegel, NY Prac, § 112, pp 139-140).

The foregoing reasoning equally disposes of plaintiff's alternate objection to the order to show cause, in not setting forth the requisite statutory notice and warning in contempt proceedings (Judiciary Law, § 756). By his attorney's authorized negotiation to settle the matter and approval of the order granted and his own payments pursuant to the disposition agreed upon, all without timely objection to the form of the notice, plaintiff effectively waived the protection of the statute (*Matter of Rappaport,* 58 NY2d 725, 726). After reviewing plaintiff's remaining point and those of defendant on the cross appeal, we find no other ground for disturbing Special Term's decision. Accordingly, its order should be affirmed in all respects.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.