*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    520657
_____

In the Matter of DAVID J.
    GENTILE,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

ERIKA H. WARNER,
                        Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Diane V. Bruns, Ithaca, for appellant.

        A.L. Beth O'Connor, Cortland, for respondent.

        Christopher Pogson, Binghamton, attorney for the child.

_____

Aarons, J.

        Appeal from an order of the Family Court of Tioga County
(Keene, J.), entered February 24, 2015, which, among other
things, partially dismissed petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, for custody of
the parties' child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2012).
The parties previously lived together in Tioga County, but their
relationship unraveled shortly after the birth of the child.  The
mother left with the child and moved to Herkimer County, during

which time the father would visit on some weekends.  The parties reconciled and the mother returned with the child to Tioga County to be with the father.  The parties' relationship, however, eventually faltered, and they permanently separated in June 2014, with the mother returning to Herkimer County with the child.

The father subsequently commenced the first of these proceedings seeking temporary joint custody, primary physical custody and for the parties to share custodial periods on alternating weeks.  In response, the mother commenced the second of these proceedings seeking joint legal custody and primary physical custody with the father having visitation on alternating weekends.  After a fact-finding hearing, Family Court awarded joint legal custody to the parties, with primary physical custody to the mother, and set forth a visitation schedule in which the father would have weekend visitation, except for the first weekend of the month, and each party would have physical custody on alternating weeks in July and August.  The father appeals.

When making an initial custody determination, Family Court's primary consideration is the best interests of the child (see Jeannemarie O. v Richard P., 94 AD3d 1346, 1346 [2012]; Matter of Richardson v Alling, 69 AD3d 1062, 1063 [2010]).  This requires reviewing a variety of factors, including "each parent's ability to provide the child with a stable home environment, their past performance as parents, their relative fitness and ability to provide for the child's well-being and the child's wishes" (Matter of Slovak v Slovak, 77 AD3d 1089, 1091 [2010]).  We accord due deference to Family Court's findings and credibility determinations and will not disturb them so long as they are supported by a sound and substantial basis (see Matter of Trimble v Trimble, 125 AD3d 1153, 1154 [2015]; Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014]).

The father first challenges Family Court's award of primary physical custody of the child to the mother.  The record establishes that both parties are financially and emotionally capable of caring for the child, and they each maintain suitable home environments.  The father is very involved with the child, plays with him and attends to his medical needs.  Both parties have jobs, but the mother has a more flexible work schedule that

allows her to be with the child during the day.  The father, meanwhile, works during the day and would have to place the child in daycare.  The mother has also been the primary caretaker of the child and has an established daily routine with the child involving meals, snacks, playing games and the participation in a "mommy and me daycare" program.  Considering all of the circumstances and giving due deference to Family Court's findings, we conclude that Family Court's determination of placing primary physical custody of the child with the mother was supported by a sound and substantial basis (see Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1352 [2014]; Matter of Gordon v Richards, 103 AD3d 929, 930-931 [2013]; Matter of Christina MM. v George MM., 103 AD3d 935, 937 [2013]).

We agree, however, with the father and the attorney for the child, whose position is relevant but not dispositive, that it is in the best interests of the child to expand the father's parenting time (see Matter of Lilly NN. v Jerry OO., 134 AD3d 1312, 1316 [2015]; Matter of Burton v Barrett, 104 AD3d 1084, 1086 [2013]).  As our authority in custody and visitation matters is as broad as that of Family Court and the record is sufficiently complete for us to modify the father's parenting time, we need not remit the matter to Family Court (see Matter of Knox v Romano, 137 AD3d 1530, 1532 [2016]; Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]).  Accordingly, assuming that Martin Luther King Day, Presidents' Day, Memorial Day and Columbus Day fall on the father's weekend, the weekend shall be extended until Monday at 6:00 p.m.  In addition, the father shall be afforded an entire week in March or April beginning in 2017.  Once the child begins school, this week shall coincide with the child's spring vacation.  Finally, during the summer, which we define as the last Sunday in June through the first Sunday in September, the father shall have six weeks with the child and the mother shall have the balance.  The parties shall determine which weeks they prefer, with the father picking first and neither party having more than two consecutive weeks.  The provisions of the Family Court order not specifically modified herein remain in full force and effect.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the order is modified, on the facts, without costs, by adjusting the parenting time as set forth in this Court's decision, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court