*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                521214
_____

MILTON JOHANN HERRERA,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

MADELENE YESSENIA
    PENA-HERRERA,
                    Appellant.
_____

Calendar Date:  November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

                        _____


        John R. Kelly, Monticello (Donna Marie Lasher, Youngsville,
of counsel), for appellant.

        Ricciani & Jose LLP, Monticello (Jacqueline Ricciani of
counsel), for respondent.

        Isabelle Rawich, South Fallsburg, attorney for the child.

                        _____


Aarons, J.

        Appeal from a judgment and an amended judgment of the
Supreme Court (Meddaugh, J.), entered March 19, 2015 and March
23, 2015 in Sullivan County, granting, among other things,
custody of the parties' daughter to plaintiff, upon a decision of
the court.

        Plaintiff (hereinafter the father) and defendant
(hereinafter the mother) are the parents of two sons (born in
1991 and 1995) and a daughter (born in 2007).  After the mother's
disfellowship from Jehovah's Witnesses, the father commenced this
divorce action in 2013.  Following a trial, Supreme Court, among

other things, granted the parties joint legal custody of the daughter, awarded primary physical custody of the daughter to the father and set forth a parenting schedule for the mother.[1]  The mother now appeals, arguing that Supreme Court erred in awarding primary physical custody of the daughter to the father.

The primary concern when making an initial custody determination is the best interests of the child (see Matter of Gentile v Warner, 140 AD3d 1481, 1482 [2016]; Matter of Brown v Akatsu, 125 AD3d 1163, 1164 [2015]).  In determining the best interests of a child, a court must consider various factors, including "the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Robert B. v Linda B., 119 AD3d 1006, 1007 [2014], lv denied 24 NY3d 906 [2014] [internal quotation marks, brackets and citation omitted]; see Matter of King v Chester, 123 AD3d 1352, 1353 [2014]).  Supreme Court's credibility determinations are accorded great deference, and its findings will not be disturbed so long as they are supported by a sound and substantial basis in the record (see Funaro v Funaro, 141 AD3d 893, 896 [2016]; Bowman v Engelhart, 112 AD3d 1187, 1187-1188 [2013]).

Contrary to the mother's contention, Supreme Court set forth sufficient findings of fact and provided a cogent analysis when making its custody determination (see Moor v Moor, 75 AD3d 675, 677 [2010]).  To that end, the trial testimony revealed that the parties are loving parents who are both capable of taking care of the daughter.  In this regard, the father helped the daughter with her homework and played games and read books with her.  The mother would also help the daughter with her homework, and they played in the park and went to see movies together.  The mother, however, works in Queens County and, therefore, spends much of her time commuting from Sullivan County.  She would leave early in the morning and would not return to Sullivan County

---

[1]  The custody of the sons was not at issue as they were emancipated by the time of trial.

until after the daughter had gone to bed and, at times, the mother stayed in Queens County during the week. The daughter, meanwhile, has lived her entire life in Sullivan County, where she goes to school, attends religious meetings and has made close friends. The father has also been the primary caretaker of the daughter and has a flexible work schedule, which allows him to help her get ready for school in the morning, pick her up at the bus stop after school and attend any school-related events. In view of the foregoing and giving the requisite deference to Supreme Court's assessment of the witnesses's credibility, we find that a sound and substantial basis exists in the record to support Supreme Court's custody determination (see Matter of Gentile v Warner, 140 AD3d at 1483; Matter of Barker v Dutcher, 96 AD3d 1313, 1314 [2012]).[2]

Although Supreme Court's judgment does not address the mother's contention of parental alienation, inasmuch as our authority is as broad as Supreme Court in custody matters (see Dewitt v Sheiness, 42 AD3d 776, 777 [2007]), we disagree with the mother that the father interfered with her relationship with the daughter so as to render him an unfit custodial parent. Notwithstanding the fact that the father revealed to the sons the reason for the mother's disfellowship from Jehovah's Witnesses, there is no evidence indicating that this revelation was made in the presence of the daughter. Furthermore, upon our review of the entire record, the father encouraged the sons to maintain a relationship with the mother and once delayed the bedtime of the daughter during the week so that the daughter could see the mother (compare Matter of Gerber v Gerber, 133 AD3d 1133, 1137-1138 [2015], lv denied 27 NY3d 902 [2016]). As such, we find no merit in the mother's parental alienation argument.

Egan Jr., J.P., Lynch, Rose and Clark, JJ., concur.

_____

[2]  While not determinative, we note that the award of primary physical custody to the father is in accord with the position of the attorney for the child (see Matter of Coleman v Millington, 140 AD3d 1245, 1247 n [2016]).

        ORDERED that the judgment and amended judgment are affirmed, without costs.



                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court