Matter of Dwayne S. v Antonia T. (2019 NY Slip Op 02395)





Matter of Dwayne S. v Antonia T.


2019 NY Slip Op 02395


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

525655

[*1]In the Matter of DWAYNE S., Petitioner,
v
ANTONIA T., Appellant. (And Another Related Proceeding).

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Todd G. Monahan, Schenectady, for appellant.
Alexandra G. Verrigni, Rexford, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered September 29, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2012). The parties shared joint custody of the child pursuant to a 2016 order entered upon the parties' consent. In 2017, the parties filed competing petitions seeking to modify the prior custody order. Following a trial and a Lincoln hearing, Family Court ordered that the parties continue to share joint legal custody and that the father would have primary physical custody of the child. The mother appeals.
As an initial matter, the parties stipulated that there had been a change in circumstances since the 2016 custody order — namely, the child had reached school age and, because of the physical distance between the parties, the child had to be enrolled in the school district of one of the parents' residences. Family Court accepted this stipulation and, therefore, the issue distills to whether the court's custody determination serves the best interests of the child (see Matter of Boisvenue v Gamboa, 166 AD3d 1411, 1412 [2018]; Matter of Berezny v Raby, 145 AD3d 1356, 1357 n [2016]).
At trial, the mother testified that she lived with her boyfriend and his two sons. The child shared a bedroom with one of the boyfriend's sons and, according to the mother, everyone in the household got along with each other. The child played in the park and did other activities with the boyfriend's sons, as well as with the mother's boyfriend. The boyfriend, who owned a general contracting business, testified that he has a good relationship with the child and that he took him to work and let him play with safe tools and observe construction machinery. The mother testified that the child called her boyfriend's sons "his brothers." The mother attended to the child's medical needs and, while with her, the child was enrolled in a Head Start [*2]program to address the child's speech impediment. The mother admitted that she applied to a school for the child that was closer to her and that she did not inform the father that she did so.
Meanwhile, the father testified that he lived in a single-family residence with his fiancée and that the child has a great relationship with her. The house was in a quiet neighborhood and the child had his own bedroom. The fiancée testified that the father prepares meals for them and the child likes to help with the preparation. The child played with friends in the neighborhood. The father stated that he would enroll the child in a private school, which one of the child's friends also attended, and that his fiancée, a veterinarian, was willing to help with any school tuition payments. The child also participated in a literary program in a library where he learned to write and spell. The father stated that when the child would have to return to the mother after visiting with him, the child was "sluggish."
The record discloses that both parents are more than able and fit to take care of the child (see Herrera v Pena-Herrera, 146 AD3d 1034, 1035-1036 [2017]; Matter of Nelson v Perea, 118 AD3d 1057, 1060 [2014]; Matter of Youngok Lim v Sangbom Lyi, 299 AD2d 763, 765 [2002]). Indeed, Family Court found that the parties "presented themselves very favorably" and noted that determining which parent would have primary physical custody was a "difficult determination to make." The court ultimately reasoned that the father would be the best parent to meet the child's needs and that his home provided the child with "a more stable, peaceful, and nurturing environment to allow him to thrive during the school year." In view of the record evidence and deferring to Family Court's factual findings, we cannot say that the court's custody determination lacks a sound and substantial basis in the record (see Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]; Matter of Rundall v Rundall, 86 AD3d 700, 701-702 [2010]; Matter of Donato v McLaughlin, 249 AD2d 859, 859-860 [1998]). We also note that, although not dispositive, such determination is in accord with the position of the attorney for the child (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246 [2018]; Matter of Hill v Dean, 135 AD3d 990, 994 [2016]). Furthermore, the 2016 order, which the parties had been operating under, was entered on consent and, therefore, is afforded less weight as compared to an order entered after a full hearing (see Matter of Coleman v Millington, 140 AD3d 1245, 1246 [2016]; Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]). The mother's remaining contention has been considered and is without merit.
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.