Matter of John U. v Sara U. (2021 NY Slip Op 03892)





Matter of John U. v Sara U.


2021 NY Slip Op 03892


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

531939
[*1]In the Matter of John U., Appellant, v
Sara U., Respondent.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for appellant.
The Mermigis Law Group, PC, Syosset (James G. Mermigis of counsel), for respondent.
Douglas J. Broda, Troy, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered July 16, 2020, which, in a proceeding pursuant to Family Ct Act article 6, among other things, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2010 and 2012). The mother and the father entered into a separation agreement in October 2017, which was modified in September 2019 (hereinafter the agreement). The agreement provided for joint legal custody and shared physical custody of the children, and contained a provision (hereinafter the school provision) stating that, "[s]o long as the [father] maintains a residence in [a certain school district,] the children shall continue to attend school within [that school district] unless both parties expressly agree in writing to change the schools of the children."
Prior to the 2019-2020 school year, the children had attended a certain public elementary school in that school district, apparently with a religious exemption from vaccination. After a June 2019 change in state law eliminated such religious exemptions for students (see Public Health Law § 2164, as amended by L 2019, ch 35, § 1), and after the district's denial of the mother's requests for medical exemptions, the children were removed from their school in September 2019 and the mother began home schooling instruction at her home. In November 2019, the father moved for entry of a final judgment of divorce, which incorporated the agreement. Supreme Court (McNally Jr., J.) entered such judgment on December 27, 2019. On January 30, 2020, the father filed an order to show cause and a petition in Family Court for "enforcement [and] modification of [an] order of custody and visitation," with part of its stated purpose being to "punish" the mother "for contempt of court." In the petition, the father sought an order directing the mother to consent to the children receiving the required vaccinations so that they may attend public school in the school district in compliance with the terms of the judgment of divorce, or, in the alternative, to modify the judgment to grant the father sole legal custody with respect to all health care and educational decisions for the children.
The mother moved to dismiss the petition. Each party sought sanctions against the other. Family Court (E. Walsh, J.) construed the father's petition as seeking both modification of the custody agreement and enforcement of the judgment of divorce, and denied each aspect of the petition, as well as the requests for sanctions. The father appeals.
The father contends that his petition sought enforcement of the judgment of divorce, and that modification was requested only as an alternative means of enforcement.[FN1] To enforce a judgment, a court must first determine what its terms require. "A settlement agreement incorporated into a divorce judgment is subject to [*2]the principles of contract interpretation and, if its language is unambiguous, its terms are given their plain and ordinary meaning, and the parties' intent is determined without resort to extrinsic evidence" (Matter of Yerdon v Yerdon, 174 AD3d 1216, 1217 [2019] [internal quotation marks and citations omitted]). "Whether language is ambiguous is a matter of law to be determined by the court, and in rendering this determination a court may not add or excise terms, nor distort the meaning of those used" (Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012] [internal quotation marks and citations omitted]). "Ambiguity exists wherever a reasonable difference of opinion may exist to the meaning of the contract language and, if ambiguity exists, a motion to dismiss must be denied to permit the parties to discover and present extrinsic evidence of the parties' intent" (Harris v Reagan, 161 AD3d 1346, 1349 [2018] [internal quotation marks, brackets and citations omitted]; see Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d 1047, 1048 [2014]).
The school provision states, as relevant here, that "the children shall continue to attend school within the [school district]." The father contends that the provision is not ambiguous because it clearly indicates that the children are to attend public school in the school district, not to be home schooled. We do not agree that the provision is so straightforward,[FN2] nor that this is the only reasonable interpretation. As the attorney for the children notes, there is a difference between attending "within" versus "in" a school district; even while home schooled, the children could be considered as attending school within the boundaries of the district. Indeed, a state regulation requires that a parent provide "the superintendent of schools of [his or her] school district of residence" with notification of intent if the parent plans to provide "home instruction within the school district" (8 NYCRR 100.10 [b] [1], [2] [emphasis added]; see e.g. Education Law § 3602-c [2] [b] [1] [addressing responsibility for special education services for students attending nonpublic schools "within" a school district]). Thus, the provision does not necessarily mandate that the children attend public school in the school district.
Moreover, we find the word "continue" to be problematic here. That word is defined as "to maintain without interruption a condition, course, or action" (Merriam-Webster Online Dictionary, continue, https://www.merriam-webster.com/
dictionary/continue; see Cambridge Online Dictionary, continue, https://www.dictionary.cambridge.org/us/dictionary/english/
continue [defining continue as "to keep happening, existing, or doing something"]). The children had attended a certain public school in prior years and up until approximately September 19, 2019, when they were no longer allowed to attend without proof of vaccination or approved exemption (see Public Health Law § 2164 [7] [a]). The [*3]father asserts that the children were attending public school at the time that the agreement was circulated to the parties. However, the children were being home schooled by the mother at the time that the parties signed the agreement in late September 2019, as well as when the father signed an affidavit in November 2019 seeking a judgment of divorce incorporating the agreement, when his counsel submitted a proposed judgment in November 2019, and when Supreme Court signed and entered the judgment in December 2019.[FN3] One reasonable interpretation of the provision is that the children must continue in their current school program as of the time the agreement was signed and the judgment was entered, which was home instruction by the mother. This interpretation is logical because the children could not "continue" to attend public school — i.e., to maintain that course of conduct without interruption (see Merriam-Webster Online Dictionary, continue, https://www.merriam-webster.com/dictionary/continue) — if they were not doing so at the time that the above actions were taken. As there are at least two reasonable interpretations of the school provision, it is ambiguous.
"A party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Seale v Seale, 154 AD3d 1190, 1192 [2017] [citations omitted]; see Matter of Kanya J. v Christopher K., 175 AD3d 760, 764 [2019], lvs denied 34 NY3d 905, 906 [2019]). Considering the ambiguity of the school provision, the father failed to prove by clear and convincing evidence that it constituted a clear and unequivocal mandate for the children to attend public school. Thus, Family Court properly declined to hold the mother in contempt (see Seale v Seale, 154 AD3d at 1192; compare Matter of Seacord v Seacord, 81 AD3d 1101, 1103 [2011]).
Nevertheless, we find that Family Court erred in dismissing the enforcement petition. The request for enforcement could have been addressed in multiple ways, including directing one or both parties to engage in certain acts, or modifying the judgment to authorize one party to solely make decisions on one or more topics to effectuate the terms of the judgment. As the agreement's school provision is "susceptible to differing but reasonable interpretations, an ambiguity exists that requires consideration of extrinsic evidence relevant to the parties' intent" (Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d at 1049). Accordingly, Family Court should have denied the mother's motion to dismiss the petition and should instead have proceeded with a hearing to determine the parties' intent as to the school provision. It remains necessary to do so now, and we therefore remit for this purpose; after [*4]determining the proper interpretation of the provision, the court may then address the father's request for enforcement.[FN4] Finally, Family Court did not abuse its discretion in denying the requests for sanctions and counsel fees (see Dickson v Slezak, 73 AD3d 1249, 1251 [2010]).
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss the petition; motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: To the extent that the petition could be viewed as independently seeking modification, we agree with Family Court that the father did not allege a change in circumstances between the December 2019 entry of the divorce judgment and the January 2020 filing of the petition.

Footnote 2: For example, the provision does not explicitly state that the children shall attend "public" schools in the district.

Footnote 3: As Family Court observed, "[d]espite the parents' ongoing disagreement regarding vaccinations, their judgment of divorce and incorporated stipulations make no mention of vaccinations specifically, merely that the parents share joint legal custody of the children." Indeed, despite their active disagreement, both parties stipulated to Supreme Court that the divorce was uncontested and, when moving for a final judgment of divorce, the father affirmed that all custody issues were resolved. Supreme Court, therefore, processed the action as an uncontested divorce. Under the circumstances, this disputed issue should have been raised in that court and resolved in 2019.

Footnote 4: We urge the parties and Family Court to handle this matter expeditiously, so that a resolution is reached before school begins next fall.