Mazzella v Mazzella (2022 NY Slip Op 02317)

Mazzella v Mazzella

2022 NY Slip Op 02317

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

531820
[*1]Diondra Mazzella, Plaintiff,
v
Rodney Mazzella, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Assaf & Siegal PLLC, Albany (Michael D. Assaf of counsel), for appellant.

Aarons, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered July 1, 2020 in Ulster County, which, among other things, found that defendant was required to pay certain expenses.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1998 and have two children (born in 1998 and 2001). The parties later divorced and entered into a stipulation of settlement, which was incorporated but not merged into the judgment of divorce. In 2019, the wife moved to enforce the stipulation, alleging, among other things, that the husband failed to pay unreimbursed health insurance premiums and uncovered medical and extracurricular activity expenses for the children. In a July 2020 order, Supreme Court, as relevant here, found that the husband was responsible for these expenses. The court nonetheless held a "determination on these items in abeyance" in view of the husband's contention that these obligations were discharged in bankruptcy and directed further briefing by the parties on this issue. This appeal ensued.
The husband contends that Supreme Court erred in interpreting the stipulation by finding that he was required to pay the wife for unreimbursed health insurance premiums and uncovered medical and extracurricular activity expenses for the children. Although the court interpreted the stipulation in a manner adverse to the husband, the court never granted that part of the wife's motion seeking such expenses. Rather, any determination on that part of the motion was held in abeyance pending further briefing by the parties. Because the court deferred making a decision on the merits of that part of the motion being challenged on appeal, no appeal as of right lies therefrom (see CPLR 5701 [a] [2] [v]; Matter of Francis v Prusinski, 143 AD3d 1135, 1136 [2016]; Solomon v Meyer, 103 AD3d 1025, 1026 [2013]). Notwithstanding the foregoing, we treat the husband's notice of appeal as an application for leave to appeal and grant it (see CPLR 5701 [c]).
"'A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Graziano v Andzel-Graziano, 196 AD3d 879, 881 [2021], quoting Sanders v Sanders, 143 AD3d 1213, 1213 [2016], lv dismissed 29 NY3d 931 [2017]). "If the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (Siouffi v Siouffi, 177 AD3d 1206, 1207 [2019] [internal quotation marks and citation omitted]; see Econopouly v Econopouly, 167 AD3d 1378, 1379 [2018]; Fecteau v Fecteau, 97 AD3d 999, 999 [2012]). "A court is not limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language" (Siouffi v Siouffi, 177 AD3d at 1207 [internal quotation marks and citations omitted]).
The wife averred that the husband [*2]failed to maintain health insurance coverage for the children and, because of this, she expended money to obtain it for them. She further averred that she had to pay certain medical and extracurricular expenses related to the children. That said, the stipulation provided that the husband would be responsible for 100% of "all uncovered medical expenses [and] extracurricular expenses incurred for and on behalf of the parties' children." It also provided that he was to "keep in full force and effect the current health insurance coverage maintained for and on behalf of the parties' children or comparable insurance coverage." In view of this clear and unambiguous language and what "may be reasonably implied from that literal language" (id. [internal quotation marks and citations omitted]), Supreme Court correctly concluded that the husband was responsible to pay the wife for unreimbursed medical and extracurricular expenses for the children, as well as unpaid health insurance premiums (see Matter of Apjohn v Lubinski, 114 AD3d 1061, 1065 [2014], lv denied 23 NY3d 902 [2014]; Stewart v Stewart, 266 AD2d 702, 704-705 [1999]).
The husband also relies on a 2017 order directing that his pro rata share of the children's unreimbursed health related expenses was reduced to 59% and, therefore, he should not be responsible for 100% of these expenses. Although the husband's interpretation of the 2017 order is accurate, the wife is not seeking expenses that were incurred after the husband's pro rata obligation was modified to 59%. Rather, the expenses sought by the wife predate the 2017 order. Accordingly, the husband's reliance on the 2017 order is unavailing.
Finally, the husband argues that the wife failed to carry her burden of establishing that he owed $5,500 for the medical and extracurricular expenses and $450 for the health insurance premiums. The wife, as the party seeking to enforce the stipulation, bore the burden of tendering proof to support her allegations (see Bell v Bell, 151 AD3d 1529, 1530 [2017]). Regarding the amount for medical and extracurricular expenses, the documentary evidence supports a finding that the husband must pay $2,860.24. In this regard, the wife submitted a ledger report reflecting an amount due of $2,400, a medical statement indicating an amount due of $150 and receipts totaling $310.24.[FN1] Regarding the unreimbursed health insurance premiums, the only legible amount that can be discerned from the record is a payment of $18 by the wife. Accordingly, the husband's financial obligation for the expenses requested by the wife should be reduced to a total of $2,878.24.[FN2]
Lynch, J.P., Clark, Colangelo and Fisher, JJ., concur.
ORDERED that order is modified, on the law, without costs, by reversing so much thereof as found that defendant must pay plaintiff $5,950; defendant shall pay plaintiff $2,878.24; and, as so modified, affirmed.

Footnotes

Footnote 1: Two receipts had the amount due crossed out and, consequently, they have not been factored in calculating the total amount. The remaining proof submitted by the wife predates the stipulation.

Footnote 2: In the event that Supreme Court ultimately determines that the husband's bankruptcy did not discharge his financial obligations, his financial responsibility of the expenses sought by the wife will be $2,878.24.