Daryl N. v Amy O. (2023 NY Slip Op 06286)

Daryl N. v Amy O.

2023 NY Slip Op 06286

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

533969 534027 534218
[*1]Daryl N., Respondent-Appellant,
v
Amy O., Appellant-Respondent.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Klein & Sanchez, PC, Poughkeepsie (Steven H. Klein of counsel), for appellant-respondent.
Dwyer Law, Glenmont (Colin D. Dwyer of counsel), for respondent-appellant.
Larisa Obolensky, Delhi, attorney for the child.

Reynolds Fitzgerald, J.
Cross-appeals (1) from an order of the Supreme Court (Richard D. Northrup Jr., J.), entered September 2, 2021 in Delaware County, which, among other things, awarded primary physical custody of the parties' child to defendant, and (2) from a judgment of said court, entered October 21, 2021, which, among other things, granted plaintiff a divorce.
Plaintiff (hereinafter the father) and defendant (hereinafter the mother) were married in 2013 and are the parents of a child (born in 2015). In May 2020, the father commenced an action for divorce. In August 2020, the mother left the marital residence in Delaware County and relocated to the Village of Cold Springs, Putnam County, approximately one hour and 45 minutes away from the marital residence. The child remained at the marital residence. In March 2021, Supreme Court issued a temporary order, upon the consent of the parties, granting joint legal custody, primary physical custody to the father with the mother having parenting time with the child every weekend. Additionally, the holidays and school breaks were divided between the parties. In May 2021, the parties entered into a written stipulation of settlement resolving all issues pertinent to the divorce, except for custody of the child and child support. A trial commenced shortly thereafter on these issues. At the conclusion of the trial, the parties and the attorney for the child agreed that, pending the decision of the court, they would abide by a shared custodial arrangement during the summer, with each parent having the child for a one-week period, with two weeks to be set aside for the child to attend summer camp.
Following the trial, Supreme Court issued an order, entered on September 2, 2021, as relevant here, awarding primary physical custody to the mother and parenting time to the father from 5:00 p.m. on Sundays to 5:00 p.m. on Wednesdays. The grant of primary physical custody to the mother was conditioned on the mother residing within the Margaretville School District in Delaware County, and further directed that the child remain registered in that school district. Also, the court ordered the mother to pay $10,000 in counsel fees to the father's attorney pursuant to Domestic Relations Law § 237. Supreme Court granted the father a judgment of divorce, entered on October 21, 2021, incorporating the terms of the parties' stipulation of settlement and the custody order. The father and the mother cross-appeal from both the order and the judgment.[FN1]
"In making an initial custody determination, Supreme Court's paramount consideration is the best interests of the child" (Elizabeth B. v Scott B., 189 AD3d 1833, 1834 [3d Dept 2020] [citations omitted]; see Hassan v Barakat, 171 AD3d 1371, 1373 [3d Dept 2019]). "In determining the best interests of a child, a court must consider various factors, including the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability [*2]to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Herrera v Pena-Herrera, 146 AD3d 1034, 1035 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Patricia RR. v Daniel SS., 172 AD3d 1471, 1472 [3d Dept 2019]). "Where, as here, an initial custody determination involves one parent who wishes to relocate with the child, the parent's decision to reside in a distant locale is a very important factor among the constellation of factors to be considered in arriving at a best interests determination, particularly where there is evidence that it would detrimentally affect the other parent's relationship with the child" (Matter of O'Hara v DeMarsh, 161 AD3d 1271, 1272 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Matter of Shane FF. v Alicia GG., 199 AD3d 1264, 1265 [3d Dept 2021]). "Supreme Court's credibility determinations are accorded great deference, and its findings will not be disturbed so long as they are supported by a sound and substantial basis in the record" (Herrera v Pena-Herrera, 146 AD3d at 1035 [citations omitted]; see Matter of Darnell R. v Katie Q., 195 AD3d 1083, 1084 [3d Dept 2021]).
The father and the attorney for the child contend that Supreme Court erred in granting primary physical custody to the mother. We disagree. Supreme Court heard testimony from both parents, the child's teacher, the paternal grandmother, the father's employee and the mother's friend. The hearing testimony established that both parents are loving and involved parents. The evidence showed that from the child's birth until she relocated, the mother worked remotely from home, was the primary wage earner and caregiver for the child. The father has primarily cared for the child since 2021 when the parties consented to, and the court temporarily ordered, primary physical custody to him. The father's concerns that the mother was inattentive and drank alcohol to excess were belied by the record. Although the father also alleged that the mother has mental health issues, the mother explained that she has anxiety which is controlled by medication and that she is engaged in counseling. Supreme Court rebuffed these concerns and found the mother "better able than [the father] to provide structure and discipline for the child."
The mother relayed her concerns that the father chronically smokes marihuana, lacks financial stability and fails to care for his own health. Moreover, the mother testified that the father allows the child excessive sweets and to play violent, age-inappropriate video games on his iPad and iPhone. Supreme Court acknowledged these concerns by finding the father to have "shown poor judgment." The court also noted that, based on the teacher's testimony, the child has the "perception . . . that she can manipulate her father into doing what she wants him to do." Contrary to each parent and the attorney for [*3]the child's assertion that Supreme Court downplayed the significance of, or minimized the evidence presented, the court carefully examined the relevant factors in its best interest analysis (see Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1321 [3d Dept 2022]). Considering all the evidence and according due deference to Supreme Court's credibility determinations, we find that a sound and substantial basis exists in the record to support the grant of primary physical custody to the mother (see Matter of David V. v Roseline W., 217 AD3d 1112, 1114 [3d Dept 2023], lv denied 40 NY3d 905 [2023]; Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1357 [3d Dept 2022]).
The mother argues that Supreme Court's decision to condition her grant of primary physical custody upon her residing in the Margaretville School District and for the child to remain registered in the school district lacks a sound and substantial basis in the record. We agree. At the time of the trial, the child was enrolled in kindergarten. Due to the COVID-19 pandemic, classes were held both remotely and in person. The teacher described the child as a very emotionally mature child, on par for her age level, accelerated in some things and not others, "doing what's expected of a child her age at this time." When asked who the child's friends are, the teacher did not know and testified that "they're all classmates." The teacher further averred that the child did not have any special needs or require any special accommodations. Since the child was not receiving any specific benefit, therapy or service from the Margaretville School District and the record is devoid of any evidence that remaining in that school district would be beneficial, or that there would be a detrimental impact on the child's ability to progress in any other school district, conditioning the child to remain registered in the Margaretville School District lacks a sound and substantial basis in the record (see Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [3d Dept 2018]; Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1126 [3d Dept 2017]). Unfortunately, given the passage of time since entry of the judgment from which the parties appeal, and because the record is not sufficiently complete to permit this Court to fashion the necessary modification of the father's parenting time, we are constrained to remit the matter to Supreme Court for such a determination, rendered after receiving additional proof, if necessary (see Hassan v Barakat, 171 AD3d at 1375; Matter of Eldad LL. v Dannai MM., 155 AD3d 1336, 1343 [3d Dept 2017]; Matter of Rosenkrans v Rosenkrans, 154 AD3d at 1126).
The mother next contends that Supreme Court erred in granting counsel fees to the father. We agree. At the commencement of the trial, the court began by stating that equitable distribution had been resolved, that maintenance and counsel fees were being waived by the parties and the only issues to be tried were custody and child support. The parties' [*4]attorneys orally confirmed this and stated that an agreement to that effect would be signed by the parties shortly. Subsequently, and on that same date, the parties executed a written stipulation of settlement containing the provision, "as and for a global resolution, each party shall be responsible for the payment of his and her respective attorney fees."
"A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Mazzella v Mazzella, 204 AD3d 1114, 1115 [3d Dept 2022] [internal quotation marks and citations omitted]; see Majid v Hasson, 213 AD3d 1175, 1176 [3d Dept 2023]). "Generally, where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (Momberger v Momberger, 103 AD3d 971, 971 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see Jeffrey P. v Alyssa P., 202 AD3d 1409, 1413 [3d Dept 2022]). If the contract is clear and unambiguous, it is to be interpreted so as to give effect to the parties' intent and the intent is to be gleaned from within the four corners of the document (see Holsberger v Holsberger, 154 AD3d 1208, 1210 [3d Dept 2017]; Bell v Bell, 151 AD3d 1529, 1529 [3d Dept 2017]). Here, the fees awarded were as a result of the initial custody determination, and a review of the stipulation of settlement reveals no ambiguity as the agreement clearly provides that each party is to be responsible for his and her respective counsel fees and we must give its terms their plain meaning (see Matter of Yerdon v Yerdon, 174 AD3d 1216, 1217 [3d Dept 2019]; Kumar v Kumar, 96 AD3d 1323, 1325 [3d Dept 2012]). Moreover, in rendering its determination, Supreme Court did not reference the stipulation's express provision that each parent shall be responsible for his and her counsel fees, thus, it erred in awarding the father counsel fees (see Matter of Berns v Halberstam, 46 AD3d 808, 810 [2d Dept 2007]; Brender v Brender, 199 AD2d 665, 667 [3d Dept 1993]; cf. Jeffrey P. v Alyssa P., 202 AD3d at 1413; Momberger v Momberger, 103 AD3d at 972).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the cross-appeals from the order are dismissed, without costs.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as required defendant to relocate to the Margaretville School District and for the child to remain registered in the Margaretville School District and as awarded plaintiff counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although the entry of the divorce judgment requires dismissal of the cross-appeals from the interlocutory order, "our review of the judgment includes any issues raised in relation to that order" (Hassan v Barakat, 171 AD3d 1371, 1373 n 1 [3d Dept 2019]).