Matter of Andrew I. v Lizbeth H. (2024 NY Slip Op 04428)

Matter of Andrew I. v Lizbeth H.

2024 NY Slip Op 04428

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-1720
[*1]In the Matter of Andrew I., Respondent,
v
Lizbeth H., Appellant.

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Karen A. Leahy, Cortland, for respondent.
Donna C. Chin, Niverville, attorney for the child.
Pamela J. Joern, East Chatham, attorney for the child.
Ivy M. Schildkraut, Rock Hill, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Delaware County (John L. Hubbard, J.), entered September 7, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2008, 2010 and 2014). The parents dated for a lengthy period and resided together until 2018. After their separation, the parents shared custody of the children without judicial intervention for four years until December 2022, when the father commenced this custody proceeding seeking an order awarding him custody of the children. After a fact-finding hearing and Lincoln hearings with each child, Family Court granted the parties joint legal custody and awarded the father primary physical custody. The mother appeals.[FN1]
The mother's sole contention on appeal is directed at Family Court's award of primary physical custody of the children to the father. "In making an initial custody determination, [Family Court's] paramount consideration is the best interests of the child[ren]" (Daryl N. v Amy O., 222 AD3d 1054, 1055 [3d Dept 2023] [internal quotation marks and citations omitted]). That assessment encompasses "a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Nathan PP. v Angela PP., 205 AD3d 1082, 1083 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1319 [3d Dept 2022]). "Since Family Court is in a superior position to evaluate the testimony and credibility of witnesses, we accord great deference to its factual findings and credibility assessments and will not disturb its determination if [it is] supported by a sound and substantial basis in the record" (Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1081 [3d Dept 2024] [internal quotation marks and citations omitted]).
Our review reflects that the majority of the best interests factors provided no clear preference as to which parent was better suited to have physical custody of the children. The record supports Family Court's determination that both parties are loving parents who care for the children's well-being, hence Family Court's award of joint legal custody. Following their separation, and up until approximately one year prior to the fact-finding hearing, the parties had enjoyed an amicable coparenting arrangement that entailed liberal parenting time without the need for a defined schedule. Regrettably, however, the parties' relationship has deteriorated since that time leading them to, on various occasions, block each other's [*2]phone numbers and, as a result, regularly communicate through the oldest child. During that time period, the father was attending school in pursuit of his licensure as a licensed practical nurse, which had some effect on his ability to exercise parenting time and attend the children's medical appointments. Nevertheless, the record reflects that those issues had largely been resolved as of the time of the hearing. Ultimately, despite the recent strife between the two, the testimony of both parties reflects that they would like the children to have frequent contact with each parent regardless of who they reside with.
Noting the foregoing, the overarching focus of the fact-finding hearing and the basis for the father's custody petition concerned the parties' respective living accommodations. To this end, although both had suitable space to accommodate the children, the eldest child suffered from asthma that, as credited by Family Court, was exacerbated by the lack of ventilation in his bedroom in the mother's home. While the mother had apparently taken some steps to mitigate the environmental factors affecting the child's condition, the record reflects that those efforts had not sufficiently resolved the issues created by the living space itself. Ultimately, Family Court was charged with determining which parent's home was a more suitable environment for the children and, resolving that in favor of the father, the court fashioned an arrangement that resulted in liberal and frequent parenting time to the mother (see Matter of Henry CC. v Antoinette DD., 222 AD3d 1231, 1234 [3d Dept 2023]). Considering the record and resolution altogether, we discern no compelling justification to disturb Family Court's award of physical custody of all of the children to the father, as it is supported by a sound and substantial basis (see Matter of Faith NN. v Dewey OO., 228 AD3d 1047, 1049 [3d Dept 2024]; Matter of Christopher L. v Paula L., 212 AD3d 1060, 1062 [3d Dept 2023]; Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [3d Dept 2019]). Finally, although on appeal one of the children has a differing position on which parent should have physical custody, the record does not offer any overwhelming justification or indication that it would be in the best interests to separate them (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; cf. Matter of Carla UU. v Cameron UU., 227 AD3d 1257, 1260 [3d Dept 2024]). Accordingly, we affirm.
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: At the fact-finding hearing, the children were represented by the same attorney, who did not take a position with respect to custody. On appeal, each child is represented by a different attorney and those attorneys take differing positions on the mother's argument.