Llera v Llera (2026 NY Slip Op 01107)

Llera v Llera

2026 NY Slip Op 01107

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-25-0195
[*1]Michelle D. Llera, Respondent-Appellant,
vCarlos R. Llera, Appellant-Respondent.

Calendar Date:January 7, 2026

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for appellant-respondent.
Mahserjian & Mahserjian-Ortiz PLLC, Clifton Park (Cynthia Feathers, Saratoga Springs, of counsel), for respondent-appellant.

Aarons, J.
Cross-appeals from an order of the Supreme Court (Dianne Freestone, J.), entered January 30, 2025 in Saratoga County, which, among other things, (1) denied defendant's motion to terminate certain maintenance payments, and (2) denied plaintiff's motion to hold defendant in contempt.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) executed a marital separation and settlement agreement in December 2022. The settlement agreement obligated the husband to pay to the wife spousal maintenance each month plus a portion of his annual net bonus. The settlement agreement also provided that the husband's maintenance obligation would terminate upon, among other conditions, the wife's "cohabitation as defined in Domestic Relations Law [§] 248" (hereinafter the cohabitation provision). A few days after executing the settlement agreement, the wife moved into a residence owned by her boyfriend. The settlement agreement was thereafter incorporated but not merged into the parties' February 2023 judgment of divorce.
In April 2023, the husband moved to terminate his spousal maintenance obligation, alleging that the wife's relationship with the boyfriend met the requirements of Domestic Relations Law § 248. Under that statute, a court may terminate a spousal maintenance obligation upon proof that two conditions are met: "the payee is habitually living with another person and holding himself or herself out as the spouse of such other person, although not married to such other person" (Domestic Relations Law § 248 [emphasis added]).
The husband also served the wife with discovery demands, prompting the wife to move in October 2023 for, as relevant here, an order deeming the husband's attorney a witness based upon his role in drafting the settlement agreement and disqualifying him. The wife conceded — indeed, she never disputed — that she was "habitually living with" the boyfriend since December 2022 (Domestic Relations Law § 248), but the husband's discovery demands signaled that he read the cohabitation provision to exclude Domestic Relations Law § 248's holding-out condition. In opposition, the husband affirmed his understanding of the cohabitation provision as including both the habitually-living-with and holding-out conditions in Domestic Relations Law § 248, and that he intended to prove that the wife and the boyfriend were holding themselves out as spouses. In June 2024, Supreme Court denied the wife's motion to disqualify the husband's attorney, provided that the husband did not challenge the settlement agreement language.
Shortly thereafter, the husband retained new counsel and, in August 2024, after deposing the wife and the boyfriend, withdrew his April 2023 motion and re-moved to terminate his maintenance obligation based upon the cohabitation provision. As the wife predicted, the husband argued that the cohabitation provision was unambiguous and only required him to prove the first condition of Domestic Relations Law § 248, i.e., that [*2]the wife was habitually living with the boyfriend. The wife opposed and cross-moved for contempt for failing to pay maintenance and for counsel fees. Following oral argument, Supreme Court denied the husband's August 2024 motion and denied the wife's contempt motion but granted her request for counsel fees. These cross-appeals ensued. We affirm.
Turning first to the husband's contentions regarding the cohabitation provision, "[a] stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Daryl N. v Amy O., 222 AD3d 1054, 1057 [3d Dept 2023] [internal quotation marks and citations omitted]; see Siouffi v Siouffi, 177 AD3d 1206, 1207 [3d Dept 2019]). By purporting to incorporate the definition of "cohabitation" in Domestic Relations Law § 248, the statute is a substantive term of the settlement agreement (see Advanced Refractory Tech. v Power Auth. of State of N.Y., 81 NY2d 670, 678 [1993]; Matter of Town of Saugerties [Town of Saugerties Policeman's Benevolent Assn.], 91 AD3d 1264, 1265 [3d Dept 2012]). The text of the statute, however, does not contain the word "cohabitation," nor does the statute expressly set out a definition of that word. It is not clear from the settlement agreement that the parties intended only to incorporate Domestic Relations Law § 248's habitually-lives-with condition (see generally Northrup v Northrup, 43 NY2d 566, 571 [1978]; Campello v Alexandre, 155 AD3d 1381, 1383 [3d Dept 2017]), or if the parties intended to define "cohabitation" as "habitually living with another person and holding himself or herself out as the spouse of such other person, although not married to such other person" (Domestic Relations Law § 248). As such, and contrary to the husband's view, the cohabitation provision is ambiguous because it is "subject to more than one reasonable interpretation" (Gaudette v Gaudette, 222 AD3d 1313, 1314 [3d Dept 2023] [internal quotation marks and citations omitted]; see Donohue v Cuomo, 38 NY3d 1, 13 [2022]; Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]).
Furthermore, Supreme Court appropriately resolved the ambiguity through extrinsic evidence of the parties' intent at the time they executed the settlement agreement (see Momberger v Momberger, 97 AD3d 945, 946 [3d Dept 2012]; Desautels v Desautels, 80 AD3d 926, 928 [3d Dept 2011]). In this regard, the wife conceded to moving into the boyfriend's residence days after executing the settlement agreement, undermining any assertion that she understood that her living arrangement alone would trigger the cohabitation provision. The court also relied upon affidavits filed by the husband in connection with prior motions, the first of which was dated four months after execution of the settlement agreement. Those affidavits — in particular, the affidavit filed in opposition to the wife's application to disqualify the husband's attorney — indicated that the husband [*3]shared the wife's understanding of the cohabitation provision as incorporating both conditions in Domestic Relations Law § 248. As such, the court's denial of the husband's August 2024 motion to terminate his maintenance obligation will not be disturbed.
We also decline to disturb Supreme Court's denial of the wife's contempt motion based upon the husband's failure to pay the wife her share of his 2023 and 2024 net bonuses as required under the additional maintenance provisions of the settlement agreement. In light of the ambiguity of the cohabitation provision — which is now resolved — along with the wife's concession to habitually living with the boyfriend, we cannot say that there was an unequivocal mandate to make maintenance payments until both of Domestic Relations Law § 248's conditions were met (see Matter of Brookover v Harris, 217 AD3d 1411, 1412 [4th Dept 2023]; Matter of John U. v Sara U., 195 AD3d 1280, 1283 [3d Dept 2021]).
We further reject the husband's invitation to reverse Supreme Court's award of counsel fees to the wife in connection with his back-to-back motions to terminate his maintenance obligation. Although the court did not explain its rationale, the husband's shifting interpretations of the cohabitation provision, the wife's vindication of her right to maintenance payments and the disparity in the parties' financial circumstances as described in the judgment of divorce all militate in favor of a discretionary award of counsel fees pursuant to Domestic Relations Law § 237 (b) (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Victoria M. v Christopher L., 236 AD3d 1210, 1211 [3d Dept 2025]). The parties remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.